**CENTRAL TEXAS DECORATING CENTER, Appellant,**

v.

**MUTUAL SAVINGS INSTITUTION, Appellee.**

**No. 13198.**

Court of Civil Appeals of Texas, Austin.

Oct. 29, 1980.

---

Sam R. Graham, Weeks, Chapman, Moore & Graham, Austin, for appellant.

Michael G. Mullen, Brown, Maroney, Rose, Baker & Barber, Austin, for appellee.

SHANNON, Justice.

This is an appeal from a summary judgment entered by the district court of Travis County that Texas Decorating Center take nothing. Appellant, Central Texas Decorating Center, sued 4–W Enterprises, Inc., and appellee Mutual Savings Institution to recover $1,203.63 for services and materials furnished 4–W for the decoration of two houses. This Court will affirm the judgment of the district court.

Appellant pleaded that Mutual Savings Institution furnished 4–W the interim financing for the construction job. At the time appellant agreed to furnish the services and materials to 4–W, appellant knew that 4–W was experiencing financial difficulties. Before agreeing to advance the services and materials to 4–W, appellant allegedly called Gene Plentl of Mutual and expressed concern about 4–W's ability to pay. Appellant pleaded that Plentl promised that Mutual would pay appellant any sums 4–W did not pay. Based upon Mutual's promise, appellant furnished 4–W the services and materials. After 4–W defaulted, Mutual refused to pay upon appellant's demand.

By supplemental answer, Mutual pleaded that appellant's claim was barred by the Statute of Frauds. More specifically, Mutual alleged that appellant's claim was based upon the alleged agreement of Mutual to answer for the debt of 4–W and, as such, the agreement must be in writing pursuant to Tex. Bus. & Comm. Code Ann. § 26.01 (1967).

Mutual filed a motion for summary judgment predicated upon its Statute of Frauds defense, Tex. Bus. & Comm. Code Ann. § 26.01. Mutual's summary judgment proof consisted of appellant's admission that it had no knowledge of any written instrument signed by an authorized representative of Mutual in which Mutual promised to answer for the debt, default, or miscarriage of 4–W. Mutual also attached to its motion for summary judgment the affidavit of its vice president, Edward C. Laski, in which he swore that no one at Mutual had any knowledge of any written instrument signed by an authorized representative of Mutual in which Mutual promised to answer for the debt, default, or miscarriage of 4–W.

Prior to hearing of the motion for summary judgment, appellant filed no response to the motion nor did it file any affidavits in opposition to Mutual's summary judgment proof. Over two weeks subsequent to the time of hearing, appellant allegedly tendered two affidavits in opposition to the motion for summary judgment which the district court refused to consider. Those affidavits do not appear in the transcript of this appeal.

The district court severed the causes of action asserted by appellant against Mutual

from those asserted by appellant against 4–W. The court then entered summary judgment that appellant take nothing against Mutual.

Appellant claims by its first point of error that because it was entitled to recover upon the basis of the oral promise of Mutual's agent, the district court erred in entering summary judgment that it take nothing. Appellant claimed right of recovery is based on such cases as *Gulf Liquid Fertilizer Co. v. Titus*, 354 S.W.2d 378 (Tex.1962), holding that an oral promise creating primary responsibility in the promisor to pay the creditor–promisee is outside the Statute of Frauds and is accordingly, enforceable. Presumably, appellant's late tendered affidavits contained facts tending to show Mutual's promise created a primary responsibility in Mutual to pay appellant.

■ Mutual by its summary judgment proof established its affirmative defense as a matter of law. To avoid summary judgment, it was appellant's burden to produce summary judgment proof showing the oral promise was outside the Statute of Frauds. *Nichols v. Smith*, 507 S.W.2d 518 (Tex. 1974); *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934 (Tex.1972). This appellant failed to do. Appellant, of course, could not rely upon the allegations in its petition to raise an issue to avoid the Statute of Frauds. *Hidalgo v. Surety Savings & Loan Association*, 462 S.W.2d 540, 545 (Tex.1971).

■ Point of error one attempts to raise an issue in this Court that was not presented to the district court. Texas R.Civ.P. 166–A(c) specifically provides that issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. Appellant did not file a timely written motion, answer or other response to Mutual's motion for summary judgment. Accordingly, appellant did not raise in district court the issue that Mutual's oral promise created a primary responsibility to pay appellant and, accordingly, that issue will not be considered in this Court. Tex.R. Civ.P. 166–A(c). *Artco–Bell Corp. v. City of Temple*, 603 S.W.2d 384 (Tex.Civ.App. 1980, writ filed).

■ Appellant's second point is that the district court abused its discretion in not considering the post–hearing affidavits tendered for filing prior to judgment. The district court was obligated only to consider the record as it was at the time of the summary judgment hearing. *Superior Stationers Corp. v. Berol Corp.*, 483 S.W.2d 857 (Tex.Civ.App.1972, no writ). In the exercise of its discretion, however, the court could have considered the tendered affidavits, *Metze v. Entman*, 584 S.W.2d 512 (Tex. Civ.App.1979, no writ). In view of the late date when the affidavits were tendered, the district court did not abuse its discretion in refusing to consider them. *Axcell v. Phillips*, 473 S.W.2d 554 (Tex.Civ.App.1971, writ ref'd n. r. e.); *See: Lofthus v. State*, 572 S.W.2d 799 (Tex.Civ.App.1978, writ ref'd n. r. e.).

Appellant relies upon *Kolb v. Texas Employers Insurance Association*, 585 S.W.2d 870 (Tex.Civ.App.1979, writ ref'd n. r. e.), as authority for its position that the district court abused its discretion in refusing to consider the late tendered affidavits. In *Kolb*, the Texarkana Court held that the district court committed an abuse of discretion in striking an affidavit. However, the affidavit in *Kolb* was served on the opposing party three days *prior* to hearing date. Point of error two is overruled.

The judgment is affirmed.

SMITH, J., not sitting.