Robert H. DeBELL, Appellant,

v.

TEXAS GENERAL REALTY, INC. et al, Appellees.

No. AB2407.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1980.

Donald L. Martin, Law Offices of Donald L. Martin, Houston, for appellant.

Donald R. Capps, Jones, Mays & Capps, William Fred Hagans, J. Woodfin Jones, Bracewell & Patterson, Robert H. Fisher, Carl, Lee & Fisher, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal by the plaintiff from a take nothing summary judgment in favor of the defendants.

Appellee, Robert H. DeBell (DeBell) filed suit to recover loan broker's fees from appellants, Texas General Realty, Inc. (TGR) and Fred Rizk (Rizk), allegedly earned for finding a willing lender for TGR. TGR wanted to use the loan proceeds to purchase property from Rizk. DeBell sought damages for breach of contract, quantum meruit, and conversion. TGR and Rizk made separate motions for summary judgment. The court granted summary judgment for the appellees and, upon motion, severed appellant's causes of action against appellees. Neither judgment states the basis for the trial court decision. The judgments state generally that the appellees were entitled to summary judgment.

Appellant cites nine points of error, summarized as follows: (1) Privity is not a necessary element in an unjust enrichment suit, therefore, the trial court erred in requiring privity; (2) material fact issues existed on unjust enrichment, breach of contract, privity, and payment; and (3) the oral contract alleged is outside the statute of frauds and, as such, is enforceable. Appellant failed to bring forward any depositions as part of the record.

The summary judgment in favor of Rizk recites that the trial court relied on, among other things, "the pleadings, depositions, and affidavits on file . . ." in rendering the judgment. The record is incomplete. When the summary judgment record is incomplete, the omitted documents are presumed to establish the correctness of the judgment. *Steele v. City of Houston*, 577 S.W.2d 372 (Tex.Civ.App.-Houston [14th Dist.] 1979), *rev'd on other grounds* 603 S.W.2d 786 (Tex.1980); *Hassell v. New England Mutual Life Insurance Co.*, 506 S.W.2d 727 (Tex.Civ.App.-Waco 1974, writ ref'd). Therefore, the judgment for Rizk is affirmed.

The summary judgment in favor of TGR recites that the trial court, in rendering the judgment, relied on "the pleadings and the summary judgment evidence . . ." among other things. Specific reference to depositions is not cited. However, appellant's memoranda, filed in connection with the summary judgment, state that depositions were part of the summary judgment evidence presented to the trial court. Furthermore, the severance order, which incorporates both summary judgment orders by reference, orders the transfer of DeBell's deposition to the file maintained for the newly-severed cause, along with the petitions, motions, and orders related to the judgment and the severed cause. It is clear that the summary judgment evidence included at least one deposition not brought forward as part of the record. Therefore, the presumption of correctness relied on above applies to the judgment for TGR.

The trial court's judgment with respect to both appellees is affirmed.