Isabela ESCONTRIAS et al., Petitioners,

v.

Solomon J. APODACA et al., Respondents.

No. C–758.

Supreme Court of Texas.

March 17, 1982.

Brewster & Mayhall, Jack L. Brewster, El Paso, for petitioners.

Roger L. Moore, El Paso, for respondents.

POPE, Justice.

This suit attacks the validity of Adelaida Apodaca's will that was executed on November 28, 1971, and admitted to probate on December 12, 1974. On June 6, 1978, Solomon J. Apodaca and ten other heirs brought suit against Isabela Escontrias and Angelina Castaneda, the independent executrices of Adelaida's estate. They prayed that the order probating the will be set aside because Adelaida lacked testamentary capacity and succumbed to undue influence that amounted to a fraud upon her estate. The defendant executrices pleaded the two-year statute of limitations as provided in section 93 of the Texas Probate Code:

> After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward . . . .

The trial court granted the defendant executrices' motion for summary judgment upon the basis of their limitations' claim. The court of civil appeals reversed the judgment, 624 S.W.2d 600. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

The court of civil appeals in reversing the summary judgment held that the defendant executrices had the burden on their motion for summary judgment to prove not only the passage of more than two years from the date of the will's probate, but also to prove as a matter of law that "there was no influence nor, if there was influence, it was not undue, nor that even if the influence was undue, it was not exerted so as to subvert the mind of the testatrix at the time of the execution of the testament . . . ."

We hold that the movants for the summary judgment grounded upon the two-year statute of limitations did not have to prove as a matter of law there was no undue influence. The executrices discharged their burden by showing that the plaintiff heirs discovered or, in the exercise of ordinary diligence, should have discovered any undue influence and that the heirs failed to institute a suit for more than two years after they made the discovery. *Mooney v. Harlin*, 622 S.W.2d 83 (Tex.1981); *see Gaddis v. Smith*, 417 S.W.2d 577 (Tex.1967); *Wise v. Anderson*, 163 Tex. 608, 611–12, 359 S.W.2d 876, 879 (1962); *Sherman v. Sipper*, 137 Tex. 85, 89–90, 152 S.W.2d 319, 321 (1941).

The defendant executrices produced at the summary judgment hearing an affidavit and a deposition by Solomon Apodaca and the answers by the plaintiff heirs to interrogatories. The statements in those documents by the plaintiff heirs disclosed their knowledge of the claimed fraud more than two years before they instituted this suit.

The answers to the interrogatories stated that prior to the time the testatrix executed the will in 1971, she had undergone two operations for the removal of blood clots from her head. The plaintiff heirs stated that from the time of the operations to the time Mrs. Apodaca died, they were not permitted to visit the testatrix, that Mrs. Apodaca's attitude toward her children underwent a drastic change, and that she did not function mentally as she had previously. These answers disclosed facts that the plaintiff heirs knew both at the time of Mrs. Apodaca's death and on the date her will was probated in 1974. They all knew the terms of the will by June 1975. The plaintiff heirs consulted three different lawyers about the will, filed one suit on December 27, 1977, but dismissed it because it was filed in the wrong court. The plaintiff heirs collectively answered that they knew "the will did not seem right," but its invalidity was not pointed out to them until 1977 when they consulted another lawyer. This suit was then filed some six months later on June 6, 1978.

The answers to the interrogatories and the affidavit by Solomon Apodaca show that plaintiff heirs, as early as 1971, pos-

sessed actual knowledge of the facts upon which they rely to establish fraud. They obtained a copy of the will and learned its provisions early in 1975 but did not institute this suit until three years later.

The trial court also had before it a deposition by plaintiff Solomon Apodaca. The deposition was not brought forward in the record before us. Although the burden was on the defendant executrices to prove their motion for summary judgment as a matter of law, *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), it was the burden of the plaintiff heirs upon their appeal from the judgment adverse to their contentions, to bring forward the record of the showing they made at the summary judgment hearing,[1] to prove error and that it was harmful. Rule 434, Tex.R.Civ. Pro. *The Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968). They did not bring forward any part of the deposition.

We conclude that the plaintiff heirs had knowledge of the facts upon which they relied for their claim of fraud and lack of testamentary capacity at the time the will was admitted to probate. More than two years have elapsed since the will was admitted to probate, which fact they actually knew early in 1975. Their action was barred by the statute of limitations. *Mooney v. Harlin*, 622 S.W.2d 83 (Tex.1981).

The judgment of the court of civil appeals is reversed, and the judgment of the trial court is affirmed.