Paul G. CHESSHER, Appellant,

v.

SOUTHWESTERN BELL TELEPHONE
COMPANY, Appellee.

No. C14–82–111CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 9, 1983.
Rehearing Denied July 21, 1983.

William N. Wheat, Robert W. Rickard, Houston, for appellant.

Roger Townsend, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

MURPHY, Justice.

Paul G. Chessher, (Appellant) filed suit against Southwestern Bell Telephone Company (Appellee) for breach of employment contract, wrongful discharge, fraud and misrepresentation. The trial court granted Appellee's motion for summary judgment on the ground that no enforceable contract existed. Appellant raises four points of error on appeal, asserting that the trial court erroneously concluded an enforceable contract did not exist; that the trial court should have permitted him to prove the existence of the contract; that his tort claims should not have been dismissed; and that the "at will" rule should be abolished as contrary to public policy. We find no error and affirm the judgment of the trial court.

Appellant was an employee of Southwestern Bell Telephone Company for more than 28 years. For the first seventeen years, he was a union employee covered by a collective bargaining agreement which prohibited discharge without cause. In 1966 Appellant left the union to accept a management position with the company. He was terminated on April 10, 1978, allegedly without notice or just cause.

As a result of the termination, Appellant filed suit on October 20, 1978 to recover $500,000.00 for present and future loss of earnings; $32,000.00 for loss of pension and other benefits; and $100,000.00 for punitive damages against Appellee. Appellant alleged that Appellee orally and in writing guaranteed his employment until age 65, as long as he performed his duties in a satisfactory manner.

After pleading the Statute of Frauds as an affirmative defense, Appellee moved for summary judgment under TEX.R.CIV.P. 166–A on the ground that there existed no written contract of employment in compliance with the TEX.BUS. & COM.CODE ANN. § 26.01 (1967). The affidavit of Wayne Hodges, the district staff manager of switch services personnel for Southwestern Bell Telephone Company, accompanied the Motion. Mr. Hodges stated that he had not located any written contract which restricted the ability of Appellee to terminate Appellant. Appellant contended in his response in opposition to the motion that he could produce at a trial on the merits a written contract of employment consisting of company manuals, documents and memoranda, but no written evidence or controverting affidavit accompanied the response.

The trial court granted summary judgment in favor of Appellee and this appeal ensued. Although Appellant apparently was deposed as part of the proceedings, no deposition has been included in the appellate record, which consists of the transcript alone.

In his first point of error, Appellant contends the trial court erred in concluding that, as a matter of law, no written contract of employment existed between Appellant and Appellee.

The Statute of Frauds requires that "an agreement which is not to be per-

formed within one year from the date of making the agreement" be in writing to be enforceable. TEX.BUS. & COM.CODE ANN. § 26.01 (Vernon 1968, Vernon Supp. 1982–1983). In the absence of a written contract to the contrary, employment is terminable at will by either party, with or without cause. *Scruggs v. Hormel & Co.,* 464 S.W.2d 730, 731 (Tex.Civ.App.—Dallas 1971, writ ref'd n.r.e.).

 The burden was on Appellant to bring forward the record of the summary judgment hearing to prove harmful error. *Escontrias v. Apodaca,* 629 S.W.2d 697, 699 (Tex.1982). Appellant has not produced any depositions, affidavits, or written documents to show the existence of a written contract of employment. When the summary judgment record is incomplete, we must assume the omitted documents support the correctness of the judgment. *DeBell v. Texas General Realty, Inc.,* 609 S.W.2d 892, 893 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Therefore, we overrule Appellant's first point of error.

In his points of error two, three and four, Appellant contends the trial court erred by refusing him the opportunity of presenting evidence which might have established the existence of an implied contract through the doctrine of promissory estoppel; by dismissing his tort claims through the application of a rule of contract law; and by applying the "at will" rule, which he urges us to abolish as contrary to public policy.

 Rule 166–A provides that in a summary judgment proceeding, "issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX.R.CIV.P. 166–A(c). The terms "answer" and "response" refer to the motion for summary judgment, not to the pleadings. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). Appellant's response to Appellee's motion addressed none of the contentions raised in these points of error.

Appellant was required, as the nonmovant, to expressly present to the trial court proof of those issues which would have defeated Appellee's right to summary judgment. *Id.* at 679. Allegations in a petition are not proof and do not raise an issue to avoid the affirmative defense of the Statute of Frauds. *Id.* at 678.; *Central Texas Decorating Center v. Mutual Savings,* 607 S.W.2d 314, 316 (Tex.Civ.App.—Austin 1980, no writ). Having failed to raise these issues with the trial court, Appellant may not now assign them as error on appeal. *City of Houston v. Clear Creek,* 589 S.W.2d at 679. Therefore, we overrule points of error two, three and four.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

 We did not intend to give the impression in our original opinion that the nonmovant in a summary judgment proceeding has any burden to defeat the right of the movant to summary judgment if the movant has not shown he is entitled to judgment as a matter of law. To the extent that any portion of our opinion of June 9, 1983 creates such an implication, we retract it. It is clear that regardless of what a nonmovant may have contended or failed to present at the trial court level, he may for the first time on appeal argue that the grounds contained in the motion were insufficient as a matter of law to support summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). However, no other grounds for reversal may be urged for the first time on appeal. *Id.*

Points of error two, three and four involved just such new grounds not addressed in Appellant's response to Appellee's motion for summary judgment. For example, Appellant's discussion of the "terminable at will rule" in his response was limited to a denial that his employment contract was subject to an at-will termination by Appellee. Now he urges on appeal

that the court applied the rule inappropriately in his case, and that any application of the doctrine is contrary to public policy. We reiterate that he is not entitled to raise new issues on appeal, save an allegation that Appellee was not entitled to summary judgment as a matter of law.

Although Appellant contends his deposition on file with the trial court conclusively establishes the existence of a written contract, the deposition has not been made a part of the appellate record. Appellant has failed to meet his burden of showing harmful error and we must, therefore, assume the omitted deposition supports the summary judgment. *Escontrias v. Apodaca,* 629 S.W.2d 697, 699 (Tex.1982); *DeBell v. Texas General Realty, Inc.,* 609 S.W.2d 892, 893 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

In short, Appellant is foreclosed from having access to the appellate process not because this court is reluctant to address the merits of his appeal, but because he has not taken critical procedural steps to insure that we may do so.

Motion for rehearing overruled.