**Frank STIVER, Appellant,**

v.

**TEXAS INSTRUMENTS, INC., Appellee.**

No. C14-87-054-CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 7, 1988.

Dennis Reich, Houston, for appellant.

Douglas W. Sanders, Richard R. Brann, Christopher F. Speegle, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is an appeal by writ of error from a summary judgment in favor of Appellee, Texas Instruments, Inc., in Appellant's suit for wrongful termination of employment by Appellee. We affirm.

This suit was originally filed on September 19, 1978. A summary judgment was rendered against Appellant on February 7, 1980, and he appealed by writ of error to the First Court of Appeals. That court reversed the judgment and remanded the case to the trial court on the ground that a summary judgment against Mr. Stiver for failure to state a cause of action was improper until special exceptions to his pleadings were filed and he had been given an opportunity to amend his pleadings. *Stiver v. Texas Instruments, Inc.*, 615 S.W.2d 839, 843 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). Accordingly, on remand Appellee filed special exceptions to Appellant's pleadings. These special exceptions were sustained and Appellant filed his First Amended Original Petition on October 31, 1983, alleging that Appellee was liable for terminating his employment based on: (1) wrongful discharge; (2) breach of an alleged implied covenant of good faith and fair dealing; (3) breach of an express contract for a specific term; and (4) breach of a "contract of satisfaction." Appellee then filed a Second Motion for Summary Judgment which was denied on December 9, 1985. However, when the case was called for trial on November 3, 1986, the Motion for Summary Judgment was reurged and was granted by the trial court. The Summary Judgment Order was signed on December 4, 1986. It is from that judgment that Appellant now appeals.

Appellant asserts two points of error. In his first point of error, Appellant contends the trial court erred in granting Appellee's Motion for Summary Judgment because the facts of this case fall within an exception to the "at will" employment doctrine. He asserts that his pleadings and affidavit were sufficient to raise a material fact issue on whether there was an oral agreement modifying his employment at will status. He argues that Appellant's agents orally represented to him that he would continue to be employed by Appellee until he reached normal retirement age so long as he performed his work satisfactorily and that those representations constitute an oral modification of his employment at will status.

Appellee moved for summary judgment on the basis that Appellant's petition failed to state a cause of action and that a cause of action for wrongful discharge was barred by the employment at will doctrine and the Statute of Frauds. Appellee offered as summary judgment evidence the depositions on file with the court, Appellee's personnel manual entitled "TI and You," the affidavit of Appellee's Manager of Management Services, Mr. Kevin Ellington, who stated that Appellant's oral employment agreement with Appellee was for an indefinite period and was terminable at will, Appellant's deposition testimony acknowledging that his employment was terminable at will by either party, and a written contract entitled "Assignment of Inventions and Company Information Agreement" which was signed by Appellant at the time he was hired. This Agreement states in relevant part:

A. Nothing contained in this agreement shall be construed as impairing my [Stiver's] right or the right of TI to terminate employment hereunder.

B. My obligations under this agreement shall continue whether or not my employment with TI shall be terminated voluntarily or involuntarily, with or without cause.

\*     \*     \*     \*     \*     \*

C. *This agreement replaces all previous agreements* relating to the same or similar matters which I [Stiver] may have entered into with TI *with respect to my present and any future period of employment by TI. This agreement may not be modified* in any respect *by any verbal statement, representation or agreement made by any other employee of TI, or by a written document signed by any employee of TI other than an officer thereof.* (Emphasis added.)

In response to the motion, Appellant offered only his own affidavit alleging that he was orally promised by representatives of Appellee that he would be employed by Appellee until retirement age provided he performed his work satisfactorily. He further asserted that his termination was not for just cause but was a result of his filing a complaint with OSHA regarding a safety hazard existing in his office.

█ We have reviewed the record brought forward on appeal and find that it does not contain Appellant's deposition testimony, relied upon by Appellee in its Motion for Summary Judgment, nor any other depositions, admissions or stipulations filed in this case. Appellant contends that these documents were lost from the case file and were not considered by the trial court when it granted the summary judgment. However, the summary judgment order expressly states:

"[A]fter considering the pleadings, depositions, admissions, affidavits and stipulations of the parties ... there is no genuine issue as to any material fact and Defendant is entitled to judgment as a matter of law."

There is no evidence in the record to support Appellant's assertions.

█ Appellant has the burden of bringing forward the summary judgment record to prove harmful error which entitles him to reversal. *Escontrias v. Apodaca,* 629 S.W.2d 697, 699 (Tex.1982); *Chessher v. Southwestern Bell Telephone Co.,* 671 S.W.2d 901, 903 (Tex.App.—Houston [14th Dist.] 1983), *reversed on other grounds,* 658 S.W.2d 563 (Tex.1983). When the summary judgment record is incomplete, the reviewing court must assume

that the documents omitted support the correctness of the trial court's judgment. *Chessher v. Southwestern Bell Telephone Co.*, 671 S.W.2d at 903; *Stiver v. Texas Instruments, Inc.*, 615 S.W.2d at 842; *DeBell v. Texas General Realty, Inc.*, 609 S.W.2d 892, 893 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

Texas courts follow the traditional rule that absent a specific contract term to the contrary, employment contracts are terminable at will by either party. *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99, 102 (1888); *Webber v. M.W. Kellogg Co.*, 720 S.W.2d 124, 127 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Johnson v. Ford Motor Co., Inc.*, 690 S.W.2d 90, 93 (Tex.App.—Eastland 1985, writ ref'd n.r.e.). In order to establish a cause of action for wrongful termination, an appellant must prove that he and his employer had a contract that specifically provided that the employer did not have the right to terminate his employment at will, and that the contract was in writing. *Benoit v. Polysar Gulf Coast, Inc.*, 728 S.W.2d 403, 406 (Tex.App.—Beaumont 1987, writ ref'd n.r.e.); *Webber v. M.W. Kellogg Co.*, 720 S.W.2d at 127. Further, this writing must provide in "a meaningful and special way" that the employer does not have the right to terminate the employment relationship at will. *Benoit v. Polysar Gulf Coast, Inc.*, 728 S.W.2d at 406. This requirement of a written contract specifically modifying the common law at will doctrine stems from the requirement of the Statute of Frauds that to be enforceable "an agreement which is not to be performed within one year from the date of making the agreement" must be in writing. Tex.Bus. & Com.Code Ann. § 26.01(b)(6) (Vernon 1987); *Webber v. M.W. Kellogg Co.*, 720 S.W.2d at 127; *Chessher v. Southwestern Bell Telephone Co.*, 671 S.W.2d at 902–903.

Clearly, Appellant is alleging an agreement providing for a term of employment greater than one year. Appellant was thirty-three years old when he was hired in 1970 and he contends he was promised employment until normal retirement age. A contract of employment until retirement age could not possibly have been fulfilled within one year from the date the agreement was allegedly made. Therefore, the Statute of Frauds applies to these oral representations. *Benoit v. Polysar Gulf Coast, Inc.*, 728 S.W.2d at 407; *Webber v. M.W. Kellogg Co.*, 720 S.W.2d at 128; *Molder v. Southwestern Bell Telephone Co.*, 665 S.W.2d 175, 177 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

Appellant, however, asserts that the personnel manual "TI and You" constituted a written agreement that he would not be discharged without good cause and then only in compliance with the stated disciplinary procedures. Employee handbooks, employee benefit booklets and similar documents have been held to be insufficient written memoranda of a contractual employment agreement limiting the employer's right to discharge an employee at will to satisfy the requirements of the Statute of Frauds. *Benoit v. Polysar Gulf Coast, Inc.*, 728 S.W.2d at 407; *Molder v. Southwestern Bell Telephone Co.*, 665 S.W.2d at 177; *Reynolds Manufacturing Co. v. Mendoza*, 644 S.W.2d 536, 539 (Tex.App.—Corpus Christi 1982, no writ).

The record before us clearly shows that the only written contractual agreement between the parties reaffirms Appellee's right to terminate Appellant's employment at will and, further, specifically limits any modification of the parties' agreement to *written* modifications signed by an *officer* of Appellee. It is undisputed that no such written document was ever signed by any officer of Appellee. We hold that the summary judgment evidence was sufficient to show that there was no enforceable modification of the parties' at will employment relationship. Point of error one is overruled.

In his second point of error, Appellant contends the summary judgment was improper because it precluded him from asserting a cause of action for breach of an implied covenant of good faith and fair dealing.

The judgment of the trial court reflects that the parties entered into stipulations

prior to the entry of summary judgment narrowing the issues to be presented to the trial court. The stipulations are not included in the record on appeal. However, the trial court's order expressly sets out the substance of the stipulations as follows:

[P]ursuant to Rule 166 of the Texas Rules of Civil Procedure, the Court determined after conferring with the parties and attorneys that the issues for trial which are not disposed of by admissions or agreements of counsel are limited to the following:

First, Plaintiff's claim that, notwithstanding the written agreement between himself and Defendant dated May 25, 1970, he entered into an oral agreement with Defendant which provided that Plaintiff would remain employed by Defendant until he reached normal retirement age as long as he performed his work satisfactorily, subject only to being discharged in accordance with Defendant's written personnel policy and procedure; and that Defendant violated such oral agreement by discharging Plaintiff without good cause in derogation of Defendant's oral agreement.

Second, Plaintiff's claim that Defendant discharged him because he reported an alleged safety hazard to the Occupational Safety and Health Administration; and that under Texas law there is or should be an exception to the employment-at-will doctrine which affords a cause of action to Plaintiff if discharged for such reason.

Where a party represents to the court that he waives a ground or objection that he previously asserted and agrees that only certain issues are before the court and this agreement is reflected in the judgment, the requirements of Tex.R.Civ.P. 11 that all agreements between attorneys or parties be in writing, signed and filed with the record or made in open court and entered of record are satisfied. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677–678 (Tex.1979). Where the parties agree that only certain issues will be submitted to the trial court and the court's ruling on those issues forms the basis for the summary judgment, the parties are precluded from thereafter asserting on appeal issues not presented to the trial court. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d at 675. We hold that because the parties agreed that only the issues of breach of an oral contract of satisfaction and wrongful discharge under the *Sabine* exception to the at-will employment doctrine would be submitted to the trial court, and summary judgment was granted on the basis of those two issues, Appellant is precluded from raising on appeal his claim of a breach of an implied covenant of good faith and fair dealing. Point of error two is overruled.

Accordingly, the judgment of the trial court is affirmed.