**HOUSTON LIGHTING & POWER COMPANY, Appellant,**

v.

**WHEELABRATOR COAL SERVICES COMPANY and Pullman Torkelson Utilities Fuel Company, Appellees.**

No. A14–89–00736–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 26, 1990.

Autry W. Ross, David E. Warden, Amy R. Richmond, Houston, for appellant.

Reagan M. Brown, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a summary judgment rendered in favor of appellees Wheelabrator Coal Services Company ("Wheelabrator") and Pullman Torkelson Utilities Fuel Company ("PTUFCO"), (together "Wheelabrator/PTUFCO"), and the denial of summary judgment to appellant Houston Lighting & Power Company ("HL & P"), by which action the court below held that HL & P was not entitled to any contractual indemnification from appellees. HL & P brings two points of error alleging trial court error in granting summary judgment in favor of appellees and denying summary judgment to HL & P because: (1) summary judgment proof established the contractual right of HL & P to indemnity under a 1978 agreement between HL & P and PTUFCO; and (2) questions of fact exist as to the binding effect on the two appellees of a 1975 agreement between HL & P and "Pullman Torkelson Company". We reverse and remand.

The underlying lawsuit for which HL & P seeks indemnity was a wrongful death and survival cause of action accruing in December, 1983. An employee of Wheelabrator, Robin Hynard, age 25, was working at the coal-handling facility of a generating station owned by HL & P in Fort Bend County when he fell 60 to 70 feet into an uncovered shaft or pit. He died from bodily injuries two hours later during which intervening time he was usually conscious. Hynard's parents brought suit for $3 Million in actual damages, and $3 Million in exemplary damages against: (a) HL & P and its parent and an affiliated company; (b) Wheelabrator; and (c) PTUFCO (the predecessor-in-interest of Wheelabrator). They then settled the claim against HL & P and its parent and affiliate for $374,000.

HL & P filed cross-actions against Wheelabrator/PTUFCO for the $374,000, claiming indemnification under three separate contracts:

1. A construction contract between Pullman Torkelson Company and HL & P dated August 29, 1975, (the "1975 Agreement").
2. An "Operations and Maintenance Agreement" between the affiliate of HL & P (Utility Fuels, Inc. "UFI") and PTUFCO, dated August 1, 1978, (the "1978 Agreement").
3. A "Settlement Agreement and Release" between UFI, Wheelabrator and PTUFCO, dated February 29, 1984, (the "1984 Agreement").

HL & P filed a motion for summary judgment based only on the 1978 Agreement under which it claimed rights as an affiliated company and a third party beneficiary. HL & P also asserted that it had made proper demand upon Wheelabrator/PTUFCO for defense and indemnity prior to its settlement for $374,000, and that such settlement was reasonable and proper in that HL & P had potential liability for at least that sum because: HL & P had caused its coal-handling facility to be constructed to its specifications; HL & P conducted weekly safety inspections of the facility; an OSHA inspection had resulted in citations for violation of safety regulations; and expert testimony in a deposition showed the work location was unsafe, poorly lit, and that no precautions had been taken to avoid the hazard of which Hynard was victim.

Wheelabrator/PTUFCO filed a motion for summary judgment to avoid indemnity alleging:

1. The 1975 Agreement was between HL & P and a Utah corporation of which neither Wheelabrator nor PTUFCO is a successor.

2. As to the 1978 Agreement:

(a) HL & P was not a party to and lacks standing under the agreement;

(b) the agreement was terminated in 1984, prior to the existence of any indemnity claim by HL & P;

(c) the 1984 Agreement supersedes the 1978 Agreement;

(d) the indemnity provisions of the contract do not show, in accordance with TEX.REV.CIV.STAT.ANN. art. 8306 § 3(d) [Workers' Compensation], that Wheelabrator/PTUFCO "expressly assumed" any liability of HL & P;

(e) the indemnity provision of the contract does not meet the "express negligence doctrine".[1]

(f) HL & P cannot claim third-party beneficiary rights under the agreement because HL & P consented to the termination of the agreement.

3. The 1984 Agreement, to which HL & P was not a party, was entered into after the death of Hynard, thereby failing to comply with TEX.REV.CIV. STAT.ANN. art. 8306 § 3(d).

Wheelabrator/PTUFCO responded to the HL & P motion for summary judgment by challenging an affidavit filed by HL & P as summary judgment proof, and excerpts from the testimony of an expert witness at a deposition for which Wheelabrator/PTUFCO were not noticed and which they did not attend. Wheelabrator/PTUFCO also challenges as a matter of fact the reasonableness and prudence of the HL & P settlement, and whether it was made in good faith. Further, Wheelabrator/PTUFCO contended that there was no summary judgment proof that HL & P was an "affiliated company", there being no definition of that term in the 1978 Agreement between PTUFCO and UFI.

HL & P responded to the Wheelabrator/PTUFCO motion for summary judgment by asserting: (a) fact questions of alter ego, claiming liabilities of the Pullman Torkelson Company under the 1975 Agreement should attach to Wheelabrator/PTUFCO; (b) no evidence that the 1984 Agreement was intended to alter rights of HL & P under the 1978 Agreement; (c) indemnification under a contract is consistent with TEX.REV.CIV.STAT.ANN. art. 8306 § 3; and (d) the 1978 Agreement satisfies the express negligence test.

The summary judgment of the court below reads as follows:

After consideration of the Motion [of cross-defendants Wheelabrator/PTUFCO], This Court is of the opinion that the Motion should be granted. It is

ORDERED that the Motion for Summary Judgment [of Wheelabrator/PTUFCO] is granted.

IT IS FURTHER ORDERED that all causes of action of Cross–Plaintiff, [HL & P] against Cross–Defendants [Wheelabrator/PTUFCO] are dismissed ...

■ A summary judgment is not entitled to the same deference given to a judgment following a trial on the merits. Unlike an appeal following a trial on the merits, when reviewing the grant of a summary judgment, the appellate court does not view the evidence in the light most favorable to the judgment of the trial court. At either the trial or appellate level, the question is not simply whether the non-movant raised a material fact issue to defeat the motion. The movant must prove beyond question it was entitled to judgment as a matter of law or this court must remand the case for a trial on the merits. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828–829 (Tex.1970). TEX.R.CIV.P. 166a(c). The standards for reviewing a summary judgment have been clearly mandated by the Texas Supreme Court:

---

1. Citations in the motion for summary judgment are to *Ethel Corp. v. Daniel Const. Co.*, 725 S.W.2d 705 (Tex.1987); *Monsanto Co. v. Owens–Corning Fiberglas Corp.*, 764 S.W.2d 293 (Tex. App.—Houston [1st Dist.] 1988, no writ); *Atlantic Richfield Co. v. Petroleum Personnel, Inc.*, 758 S.W.2d 843 (Tex.App.—Corpus Christi 1988), *reversed,* 768 S.W.2d 724 (Tex.1989).

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–549 (Tex.1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984); *Wilcox v. St. Mary's University of San Antonio, Inc.,* 531 S.W.2d 589, 592–93 (Tex.1975).

■ Further, this court must not consider evidence that favors the movant unless it is uncontroverted. *Great American Reserve Co. v. San Antonio Plumbing Supply,* 391 S.W.2d 41, 47 (Tex.1965).

■ The judgment of the trial court cannot be affirmed on any grounds not specifically presented in the motion for summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 675 (Tex.1979). The movant must conclusively prove all essential elements of his claim. *Id.*

■ Where both parties move for summary judgment and one such motion is granted and the other denied, the appellate court should determine all questions presented, and may reverse the trial court judgment and render such judgment as the court below should have rendered, including judgment for the other movant. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988). HL & P seeks such relief in this court, or in the alternative prays that the case be remanded for trial on the merits.

■ In appellant's second point of error, which we review first, HL & P alleges questions of fact exist as to whether a 1975 contract between HL & P and Pullman Torkelson Company (the 1975 Agreement) is binding on Wheelabrator/PTUFCO. In its pleadings, HL & P asserts the existence of such an agreement, the right to indemnity thereunder, and that PTUFCO (a Delaware corporation) is the alter ego of Pullman Torkelson Company (a Utah corporation). Appellees argue HL & P has waived this point of error by failing to include in the record a copy of the 1975 Agreement, suggesting the applicability of a holding by this court in *Stiver v. Texas Instruments, Inc.,* 750 S.W.2d 843 (Tex.App.—Houston [14th Dist.] 1988, no writ), wherein documents referred to in the summary judgment order were not brought into the appellate record. While the record indicates the 1975 Agreement does exist, it is not in the appellate record. Without evidence in the appellate record · that such written agreement includes an express indemnification between the parties thereto, we must presume the omitted document supports the correctness of the trial court's judgment. *Stiver,* at 845–6. Appellant's second point of error is overruled.

Under point of error number one, HL & P alleges trial court error in granting summary judgment to Wheelabrator/PTUFCO and denying summary judgment for HL & P on three grounds:

1. The 1978 Agreement between HL & P and PTUFCO (Wheelabrator's predecessor) entitled HL & P to indemnification as a matter of law.

2. The 1984 Agreement, as a matter of law, did not modify HL & P's contract rights as a third party beneficiary under the 1978 Agreement.

3. HL & P established its right to contractual indemnity with competent and uncontroverted summary judgment proof.

Appellees argue in reply:

1. HL & P is a stranger to the 1978 Agreement and not an intended third party beneficiary thereunder.

2. The 1978 Agreement had been terminated on February 29, 1984, antedating the first time the October 1984, indemnity claims of HL & P came to light.

3. The 1978 Agreement was superseded in its entirety by the 1984 Agreement.

4. HL & P was aware of the termination of the 1978 Agreement and accepted by conduct (e.g. suing on the contract) the terminating effect of the 1984 Agreement as to any rights of HL & P.

5. The 1978 Agreement does not meet the "express negligence" test, in that any intent to assume responsibility for negligence of HL & P was not expressed in the agreement.

6. The 1978 Agreement does not comply with TEX.REV.CIV.STAT.ANN. art. 8306 § 3(d) because Wheelabrator/PTUFCO did not expressly assume liability of HL & P.

7. The 1984 Agreement does not comply with TEX.REV.CIV.STAT.ANN. art. 8306 § 3(d) as a means to attach liability to Wheelabrator/PTUFCO because it was entered into after the death of Hynard.

■ After review of the 1978 Agreement we hold as a matter of law that HL & P was an intended third party beneficiary receiving benefits under the contract and that HL & P was an indemnified affiliate of UFI. An affidavit of a UFI manager states the affiliation of UFI and HL & P. That affidavit is uncontroverted. Minutes of a meeting of the board of directors of UFI show the parent of UFI is Houston Industries, Incorporated. Letterhead of UFI also used as proof by Wheelabrator/PTUFCO shows UFI is "a subsidiary of Houston Industries, Inc." An affidavit shows a single management employee of HL & P was responsible for negotiating "on behalf of affiliates of Houston Industries, Inc.", and that he represented both HL & P and UFI while negotiating the 1978 Agreement.[2]

We further find the unambiguous indemnity provisions of the 1978 Agreement clearly set forth the intention of the parties that HL & P, as an affiliate of UFI, should be indemnified against its own negligence and that provision of TEX.REV.CIV.STAT.ANN. art. 8306 have been satisfied by the express assumption of liability by Wheelabrator/PTUFCO under the indemnity clause of the 1978 Agreement.

In our review of the 1984 Agreement we do not find any proof that HL & P expressly consented to the termination of the 1978 Agreement or intended that its rights under the agreement should be affected. Under the 1984 Agreement, UFI and Wheelabrator/PTUFCO released only each other from any and all claims of the nature in this controversy, and UFI did not act for HL & P. It is settled in Texas that, after a contract for the benefit of a third person has been accepted or acted on by him, it cannot be rescinded by the parties without his consent. *Pacific Am. Gasoline Company of Texas v. Miller*, 76 S.W.2d 833, 845 (Tex.Civ.App.—Amarillo 1934, writ ref'd).

We reverse the summary judgment rendered in favor of Wheelabrator/PTUFCO.

■ We would reverse and render judgment for HL & P but for important remaining questions of fact as to the reasonableness of the settlement made by HL & P with the parents of Hynard and the issue of good faith in the handling of that settlement. We leave these questions for the finder of fact as we reverse and remand the case for trial on the merits.

---

2. We observe, but do not rely upon, the undisputed admissions of HL & P which also clearly show that HL & P and UFI have a common parent, Houston Industries, Inc., which owns all of the stock of each of the two subsidiary companies, and that the two companies have common directors and officers. These admissions were brought into the appellate record by Wheelabrator/PTUFCO in a supplemental transcript and were relied upon by Wheelabrator/PTUFCO to support an argument that UFI and HL & P do in fact have common senior management personnel and directors. The admissions of HL & P may corroborate other competent evidence which establishes facts in support of HL & P's motion for summary judgment asserting contractual rights as a matter of law, but the general rules for responses to requests for admissions prevent their consideration here. Such admissions can only be used against the party filing the answers and not in favor of that party.