Ex parte Derle W. CUELLAR, Relator.

No. A14–90–00343–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 7, 1990.

Joseph Indelicato, Houston, for relator.

Janice Cooper Williams, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

JUNELL, Justice.

This is an original habeas corpus proceeding. Relator, Derle W. Cuellar, seeks relief from an order of commitment for violation of probation entered by the 247th District Court of Harris County on March 23rd, 1990, in Cause No. 84–15267. We granted relator leave to file his petition and admitted him to bail pending resolution of this cause. TEX.GOV'T CODE ANN. § 22.221(d). Writ of habeas corpus is denied.

■ In order for this court to order the sheriff to release relator from custody, an attack on the validity of the commitment order must establish that it is void, because either the trial court lacked jurisdiction, or deprived relator of his liberty without due process. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex.1980); *Ex parte Crawford*, 684 S.W.2d 124, 126 (Tex.App.—Houston [14th Dist.] 1984, no writ).

A decree of divorce was entered in Harris County family district court on January 18, 1985, dissolving the marriage of petitioner Karen R. Cuellar, and respondent, relator here, Derle W. Cuellar. The divorce decree ordered relator to pay child support in the amount of $150 per month. On May 21, 1987, after notice and hearing, relator was found in contempt of court for failure to pay child support as previously ordered, having sustained arrearages in the amount of $4,000. The court awarded a money judgment for $4,000 against relator and ordered relator to be confined in county jail for 120 days under an order dated June 18, 1987. That June 18 order also placed relator on supervised probation. A separate order signed the same day suspended the imposition of the court's order of commitment for five years, in accordance with TEX.FAM.CODE ANN. § 14.40, and established specific conditions of probation. The conditions of probation were several, including the future timely payment of child support and installments on the $4,000 in arrearages.

A motion to revoke probation was heard on March 28, 1990. Relator was found in violation of the terms of the June 18, 1987 probation by the court below, and relator was ordered to be committed to county jail for 120 days and to remain in jail thereafter until relator purged himself by paying child support arrears in full as well as movant's attorney fees and court costs. It

is solely from this latter order that relator seeks a writ of habeas corpus.

 Relator asserts the order of March 28, 1990 lacks a certain specificity and particularity required by TEX.FAM.CODE ANN. § 14.33(a). We find the order of March 28, 1990, is a revocation of a five-year probation which was granted specifically in accordance with the provisions of TEX.FAM. CODE ANN. § 14.40, and not under § 14.33. The filing of a verified motion which alleges a specific and particular manner in which certain conduct constitutes a violation of the terms and conditions of probation is permitted by TEX.FAM.CODE ANN. § 14.40(e)(4). Respondent, the Domestic Relations Office of Harris County on behalf of the Harris County Adult Probation Department, claims to have filed such a motion on or about November 21, 1988. Revocation of probation is authorized by TEX.FAM.CODE ANN. § 14.40(e)(6) after a hearing is held on such a motion. Relator acknowledges that a hearing was held, as does the face of the order dated March 23, 1990, which refers to the hearing of a "1st Amended Motion To Revoke Probation". Neither the amended motion nor a statement of facts for that hearing was presented to this court. We may presume the omitted documents show there was sufficient and satisfactory process and evidence to support and justify the issuance of the order of commitment dated March 23, 1990. *See Stiver v. Texas Instruments, Inc.,* 750 S.W.2d 843 (Tex.App.—Houston [14th Dist.] 1988, no writ).

Nothing comes to our attention requiring the stringent specificity and particularity of TEX.FAM.CODE ANN. § 14.33 to be extended to orders of commitment for violation of probation granted pursuant to TEX.FAM. CODE ANN. § 14.40. It is only necessary that the motion to revoke probation include the requisite degree of specificity and particularity prescribed by § 14.40(e)(4).

The order of March 3, 1990 was issued by a court with proper jurisdiction and relator was not deprived of his liberty without due process.

Relator's petition for writ of habeas corpus is denied. Relator, Derle W. Cuellar, is ordered to remain in the custody of the Sheriff of Harris County pursuant to the March 23, 1990 order of the court below.