Opinion issued August 4, 2022



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-20-00640-CV

_____

**APRIL SMALL, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, E. C., Appellant**

**V.**

**MARIO GARCIA, Appellee**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-03838A**

---

### MEMORANDUM OPINION

Appellant April Small appeals the trial court's grant of summary judgment in favor of appellee Mario Garcia on his bill of review seeking to set aside a default judgment against him on the ground that he was never served with process. In one issue, Small contends that the trial court erred in granting summary judgment for

Garcia because she presented sufficient proof of service to defeat Garcia's summary judgment.

We affirm.

## Background

In the original cause number, 2017-03838, Small, individually and on behalf of her minor child, E.C., sued various defendants, including Garcia, for dog bite injuries sustained by her child. Garcia did not timely answer Small's petition. On May 11, 2017, the trial court entered an interlocutory default judgment on liability in Small's favor. On the same date, Garcia learned about Small's lawsuit and immediately filed an answer and moved to set aside the default judgment. The next day, the trial court overruled Garcia's motion and signed a default judgment awarding $930,000 in damages and post-judgment interest to Small.

Garcia filed a bill of review in cause number 2018–22535, alleging that he had neither received notice of the underlying suit nor been served with process. Garcia moved for traditional and no-evidence summary judgment in the bill-of-review proceeding, arguing that the default judgment against him was void because he was not served with process. On August 3, 2018, the trial court found Garcia was not served with process and granted Garcia's summary judgment motions. The trial court also set aside the default judgment in the underlying case and ordered that all issues be tried in the original cause number 2017-03838. *See*

*Small v. Garcia*, No. 01-18-00710-CV, 2019 WL 3293694, at *1 (Tex. App.—Houston [1st Dist.] July 23, 2019, no pet.) (mem. op.) (setting forth above facts and dismissing Small's original appeal from trial court's rendition of summary judgment in favor of Garcia in bill-of-review proceeding for lack of jurisdiction because order was not final and appealable where underlying merits of case had not yet been disposed of).

On March 13, 2020, Garcia moved for summary judgment on the liability issues in the underlying dog bite case, cause number 2017-03838. The trial court granted summary judgment in favor of Garcia on all of Small's liability claims on April 8, 2020. The trial court signed an order of severance on August 19, 2020 to separate Small's claims against Garcia from the claims against the other defendants and to allow the summary judgment in favor of Garcia to become a final, appealable judgment. This appeal is taken from the severed case under cause number 2017-03838A. In her notice of appeal, Small purported to appeal from the trial court's August 3, 2018 order granting summary judgment in favor of Garcia on his bill of review. Thus, in this appeal, Small challenges the trial court's summary judgment in favor of Garcia in the bill-of-review proceeding, not the summary judgment on liability.

**Bill of Review**

"A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). Bill-of-review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *Id.* at 96.

If the bill-of-review plaintiff's proof establishes a lack of service, constitutional due process eliminates the need to make any additional showing. *Id.* at 96–97. An individual who is not served cannot be at fault or negligent in allowing a default judgment to be taken against him. *Id.* at 97.

When a trial court grants summary judgment on a bill of review, the summary judgment standard of review applies. *See Boaz v. Boaz*, 221 S.W.3d 126, 130 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (reviewing no-evidence summary judgment filed by defendant on plaintiff's bill of review); *Brown v. Vann*, No. 05-06-01424-CV, 2008 WL 484125, at *2–4 (Tex. App.—Dallas Feb. 25, 2008, no pet.) (mem. op.) (reviewing summary judgment on bill of review). To prevail on a traditional motion for summary judgment, a movant has the burden of proving that it is entitled to judgment as a matter of law and that there is no genuine issue of

material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a defendant moves for a traditional summary judgment, it must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each element of its affirmative defense. *Cathey*, 900 S.W.2d at 341. When deciding whether a disputed, material fact issue precludes summary judgment, we take as true evidence favorable to the non-movant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

In addition, after adequate time for discovery, a party may move for summary judgment on the ground that no evidence exists to support one or more essential elements of a claim or defense on which the opposing party has the burden of proof. TEX. R. CIV. P. 166a(i). The trial court must grant the no-evidence motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *Id.* A genuine issue exists if the evidence "would allow reasonable and fair-minded people to differ in their conclusions." *Forbes Inc. v. Granada Bioscis., Inc.*, 124 S.W.3d 167, 172 (Tex. 2003).

### The Record on Appeal

On appeal, Small argues that the trial court erred in granting Garcia's motion for summary judgment on his bill of review because the evidence presented by Small

in response to Garcia's summary judgment motion demonstrated that Garcia was served with process. Garcia responds that the trial court's judgment must be affirmed because Small did not provide this Court with a complete record on appeal, including the summary judgment motion, response, and evidence in the bill of review, and therefore we must presume the omitted documents support the trial court's order granting summary judgment. For the reasons detailed below, we agree with Garcia.

On October 20, 2020, the clerk's record was filed with this Court and contained the following documents:

1. Small's original petition;

2. Garcia's original answer;

3. Garcia's motion for summary judgment on liability;

4. Orders granting Garcia's motion for summary on liability;

5. August 19, 2020 order severing Small's claims against Garcia into a separate cause number (2017-03838A) and making the summary judgment order on liability a final judgment;

6. Trial court's inquiry screen;

7. Trial court's docket sheet;

8. Small's notice of appeal;

9. Certificate indicating that the clerk's record was prepared on September 15, 2020; and

10. Bill of costs.

None of the documents from Garcia's bill-of-review proceeding, including the summary judgment motion, response, evidence, and order appealed from, were included in the clerk's record.

On November 9, 2020, Small filed a request to supplement the clerk's record with the district court clerk and provided a copy of that request to this Court. In that request, Small asked the district court clerk to supplement the clerk's record with documents ordered to be included in the severed cause number, 2017-03838A, as directed by order dated September 16, 2020, entered in the original cause number, 2017-03838. Small did not specifically identify the documents to be included in the supplemental clerk's record beyond noting that they are listed in the trial court's September 16th order. No supplemental clerk's record was filed.

A month later, on December 16, 2020, Small filed her appellant's brief in this appeal, and cited to and attached several documents in an appendix to her brief, including relevant documents from the bill-of-review proceeding, such as the summary judgment motion, response, evidence supporting both, and the order granting summary judgment for Garcia. The documents included in the appendix and relied on by Small in support of her arguments on appeal were not included in the clerk's record. Small did not state in her brief that she had requested a supplemental clerk's record or note that a supplemental clerk's record was forthcoming.

Thus, in response, Garcia argued in his appellee's brief that because Small failed to include the relevant documents in the appellate record, this Court should presume the omitted portions support the trial court's judgment and affirm. Despite notice of Garcia's arguments related to the state of the record, Small did not file a reply brief or ensure the filing of a supplemental clerk's record.

On February 4, 2022, this Court notified the parties that the appeal would be submitted on the briefs on March 7, 2022. While working on the case in anticipation of the submission date, this Court discovered that the clerk's record did not contain the necessary documents and that no supplemental clerk's record had been filed, though it had been requested by Small. Accordingly, we issued an order directing the district court clerk to prepare and file a supplemental clerk's record containing the documents requested by Small.

The district clerk filed a "second supplemental"[1] clerk's record on March 25, which contained:

1.    Garcia's original petition for bill of review;

2.    Small's answer to Garcia's bill of review;

3.    Garcia's original and amended motions for summary judgment on his bill of review;

---

[1]    A first supplemental clerk's record was filed on March 7, 2022. However, the purported supplemental clerk's record consisted only of the original clerk's record that was prepared in September 2020 and filed with this court in October 2020.

8

4. Small's response to Garcia's motion for summary judgment on his bill of review;

5. Garcia's objection and reply to Small's response;

6. Small's reply to Garcia's response to Small's motion to reconsider order granting summary judgment; and

7. Our order ordering a supplemental clerk's record.

However, this supplemental clerk's record did not contain the summary judgment evidence supporting either Garcia's motion or Small's response, nor did it contain the August 3rd summary judgment order.

We issued a second order, on April 5, 2022, noting that we cannot consider documents attached in an appendix but not included in the appellate record, and that it was Small's burden as the appellant to bring forth a sufficient record to demonstrate the trial court's alleged error and, specifically in the context of an appeal from an order granting summary judgment, "to ensure that all documents needed for this [C]ourt to fully review the correctness of the summary judgment are in the record." *Mallios v. Standard Ins. Co.*, 237 S.W.3d 778, 782 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Accordingly, we ordered Small to file written confirmation with this Court that the clerk's record either did or did not contain all documents relied on by Small in her appellant's brief or necessary to the appeal, and if it did not contain all necessary documents, to arrange for the filing of a supplemental clerk's record containing those documents.

In response, Small confirmed with this Court that the clerk's record did not contain all necessary documents and that she had requested another supplemental clerk's record. A third supplemental clerk's record was filed on April 13, 2022, containing additional documents, including the evidence cited *by Small* in support of her summary judgment response and the trial court's order granting summary judgment for Garcia. Still absent from this record, however, was the evidence attached to Garcia's motion for summary judgment.

**B.    Analysis**

Despite being provided ample opportunities to supplement the clerk's record with all documents necessary to the resolution of her appeal, Small has failed to provide this Court with a complete appellate record. We conclude, therefore, because Small brought forth an incomplete and inadequate record in that it did not include the evidence attached to Garcia's motion for summary judgment, she cannot prevail on appeal because we must presume the omitted documents, specifically Garcia's summary judgment evidence, support the trial court's grant of summary judgment for Garcia. This outcome is mandated by the Texas Supreme Court's decision in *Enterprise Leasing Co. v. Barrios*, 156 S.W.3d 547 (Tex. 2004) (per curiam). There, the Court affirmed a partial summary judgment on liability in favor of Enterprise in part because Barrios failed to provide the appellate court with a complete record to review. *Id.* at 549–50. The Court explained that, "[a]lthough Enterprise bears the

10

burden to prove its summary judgment as a matter of law, on appeal Barrios bears the burden to bring forward the record of the summary judgment evidence to provide appellate courts with a basis to review his claim of harmful error." *Id.* at 549 (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex. 1990), and *Escontrias v. Apodaca*, 629 S.W.2d 697, 699 (Tex. 1982)). The Court then instructed that "[i]f the pertinent summary judgment evidence considered by the trial court is not included in the appellate record, an appellate court must presume that the omitted evidence supports the trial court's judgment." *Id.* at 550 (citing *DeSantis*, 793 S.W.2d at 689). Applying this instruction, the Court thus presumed Barrios's answers to requests for admissions, which Enterprise relied on in part to support its motion, but which Barrios did not include in the appellate record, supported the trial court's partial summary judgment in favor of Enterprise. *Id.*; *see also Mallios*, 237 S.W.3d at 782–83 (concluding that, per *Enterprise*, "if a party wishes to successfully appeal a grant of summary judgment, . . . he must include all 'pertinent' documents the trial court considered in granting the motion . . . . Otherwise, on appeal, the appellant would be unable to demonstrate that a genuine issue of material fact existed that precluded summary judgment in favor of the movant.").

Although Garcia bears the burden to prove his entitlement to summary judgment as a matter of law, Small bears the burden on appeal to bring forward the record of the summary judgment evidence to provide this Court with a basis to

review her claim of harmful error. *See Enter. Leasing*, 156 S.W.3d at 549–50; *Mallios*, 237 S.W.3d at 782–83. This is not a case where Small mistakenly failed to designate a document or did not immediately realize an important document was missing from the record. Rather, Small knew when she filed her appellant's brief that the pertinent summary judgment documents, including Garcia's summary judgment evidence, were not included in the clerk's record and that a supplemental clerk's record had not been filed. Furthermore, despite being alerted by this Court on two separate occasions of the record deficiencies and being provided a specific opportunity to identify any remaining documents missing from the record, Small failed to provide the record necessary to consider her issues on appeal.

Without Garcia's evidence supporting his motion for summary judgment, we cannot determine whether a genuine issue of material fact precluded summary judgment in his favor. Per *Enterprise Leasing*, if the pertinent summary judgment evidence considered by the trial court is not included in the appellate record, an appellate court must presume that the omitted evidence supports the trial court's judgment. 156 S.W.3d at 550. Therefore, we presume the evidence submitted by Garcia in support of his motion supports the trial court's summary judgment on his bill of review.[2] *See id.*

---

[2] We note that Garcia filed both a no-evidence and a traditional motion for summary judgment and the trial court, in its August 3rd order, granted both "[m]otions." In his no-evidence motion, Garcia argued that he had "shown that he was not

12

For these reasons, we overrule Small's sole issue on appeal.

## Conclusion

We affirm the trial court's judgment granting summary judgment in favor of Garcia on his bill of review.

---

personally served with civil process as purported by the return of service" and that "Small has no evidence showing otherwise;" therefore, he was entitled to a no-evidence summary judgment. When a party moves for summary judgment on both traditional and no-evidence grounds, we generally address the no-evidence grounds first. *See Rogers v. City of Houston*, 627 S.W.3d 777, 787 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)). Rule 166a(i) permits a party to move for a no-evidence summary judgment "on the ground that there is no evidence of one or more essential elements of a claim or defense *on which an adverse party would have the burden of proof at trial*." TEX. R. CIV. P. 166a(i) (emphasis added). But as the plaintiff in the bill-of-review proceeding, Garcia—not Small—had the burden of proving the lack of service. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) ("Ordinarily, a bill-of-review plaintiff must plead and prove: (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff[ ] [was] prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on [its] own part. . . . But when a bill-of-review plaintiff claims a due process violation for no service or notice, it is relieved of proving the first two elements set out above. And the third element, lack of negligence, is conclusively established if the bill-of-review plaintiff can prove it was never served with process." (internal quotations and citations omitted)). Thus, we question whether Garcia properly moved for summary judgment on no-evidence grounds. *See* TEX. R. CIV. P. 166a(i). But, even assuming without deciding that Garcia properly filed a no-evidence motion on the issue of lack of service and that Small's evidence presented in response was sufficient to raise a fact question as to service and overcome Garcia's no-evidence motion for summary judgment, we would still be obligated to analyze Garcia's traditional motion for summary judgment. Without the evidence supporting Garcia's traditional motion for summary judgment in the record before us, we are unable to analyze the merits of Garcia's traditional summary judgment motion, and therefore, must affirm.

Amparo Guerra
Justice

Panel consists of Justices Landau, Guerra, and Farris.