Robert W. KARLEN, Appellant,

v.

Joye P. KARLEN, Appellee.

No. 14–06–00250–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 5, 2006.

Allen Scott Reaves, Robert Dwayne Bennett, Gilmer, for appellant.

Joseph S. Horrigan, Rudolph Michael Culp, Houston, Nathan Allen, Jr., Dallas, for appellee.

Panel consists of Chief Justice HEDGES and Justices YATES and SEYMORE.

## OPINION

ADELE HEDGES, Chief Justice.

Appellant, Robert W. Karlen, appeals following the dismissal of his application for guardianship of his mother, Joye P. Karlen ("Karlen"), and the denial of his motion for an independent examination of Karlen. In his only issue, appellant challenges the trial court's denial of his motion for independent examination. We affirm.

### I. Background

Appellant filed an application for appointment of guardianship over the person and estate of Karlen. Along with this application, appellant filed a report by Dr. Murray Pizette dated almost one year prior to the original filing of the application describing appellant as suffering from severe ataxia and dementia and needing care twenty-four hours a day, seven days a week. Appellant also filed a motion for an independent medical examination of Karlen complaining that his brother, Joseph Richard Karlen ("Rick"), was preventing him from having access to their mother.

During the course of the proceedings, the trial court appointed an independent investigator to assist the court and a guardian ad-litem to represent Karlen's best interest. After having evaluated Karlen, both of those individuals concluded that she was not in need of a guardian.

In response to appellant's pleadings, Karlen filed a motion to dismiss the application for guardianship and a pleading in opposition of the motion for independent medical examination. Attached to the mo-

tion to dismiss was a report by Dr. Richard Carney stating that there was no evidence of Karlen's incapacitation or her need for a guardian.

Following a hearing on the issues, the trial court granted the motion to dismiss the application for guardianship and denied the motion for independent medical examination. Appellant now appeals the trial court's denial of his motion for independent medical examination.

### II. Analysis

In his sole issue, appellant argues that the trial court erred in denying his request for an independent medical examination of Karlen filed pursuant to Texas Rule of Civil Procedure 204 and Texas Probate Code Section 687(b).[1] Appellant contends that, because Rick prevented him from having access to Karlen, it was essential for the court to grant his motion for an independent medical examination so that he could comply with the guardianship procedural requirements.

At the outset, we note that Rule 204, the general civil procedural vehicle for petitioning the court to require a medical or psychological examination of a person, does not apply to guardianship proceedings. Because guardianship proceedings necessarily imply physical or psychological issues (the purported incapacity of a person), the Texas Probate Code maintains its own framework for evaluating such issues. *See, e.g.,* TEX. PROB.CODE ANN. § 684(b)(4) (Vernon 2006) (stating that appointment of a guardian requires a trial court finding that "the proposed ward is totally without capacity as provided by this code to care for himself...."). For example, Section 687(a) requires an applicant to present a

---

1. On appeal, appellant does not reference either Rule 204 or Section 687(b). We will assume his general complaint about the court's ruling on his "request for an independent medical examination" challenges the court's ruling under both of these rules.

medical report detailing the proposed ward's incapacity before a court may grant an application for guardianship. *Id.* § 687(a). The general avenue in guardianship proceedings by which a party may ask the court to require an examination is Section 687(b), which gives the court discretion to appoint a physician for examination of the proposed ward. *Id.* § 687(b). Therefore, the need for Rule 204 is obviated by the more specific procedures applicable in guardianship proceedings.

Section 687 requires an applicant to provide the trial court with a letter from a licensed physician dated not earlier than the 120th day before the date of the filing of the application setting forth certain evaluations of the proposed ward, such as the nature and degree of the incapacity. *Id.* § 687(a). Section 687(a) states that the court may not grant an application to create a guardianship for an incapacitated person unless the applicant provides the court with such a letter. *Id.* In the event that an applicant cannot independently provide the court with such an examination report, Section 687(b) allows the applicant to petition the court to require an examination of the proposed ward. *Id.* § 687(b). It is the trial court's denial of the appellant's request for an examination pursuant to Section 687(b) that is the sole issue before us on appeal.

In this case of first impression, we first must determine the applicable standard of review. Generally, an abuse of discretion standard applies when a trial court has discretion to either grant or deny relief based on its factual determinations. *In re Doe,* 19 S.W.3d 249, 253 (Tex. 2000); *Jean v. Tyson–Jean,* 118 S.W.3d 1, 4 n. 1 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). This standard is especially appropriate when the trial court must weigh competing policy considerations and balance interests in determining whether to grant relief. *In re Doe,* 19 S.W.3d at 253.

Section 687(b) states that if the court determines it is necessary, it may appoint the necessary physicians to examine the proposed ward. Tex. Prob.Code Ann. § 687(b). Clearly the legislature intended to give trial courts some degree of latitude to determine, based on the facts before it, whether a physician is necessary to examine the proposed ward. *See* Tex. Gov't Code § 311.016 (use of "may" in a statute creates discretionary authority); *Bocquet v. Herring,* 972 S.W.2d 19, 20 (Tex.1998) (statute stating the trial court *may* award attorney's fees was discretionary). Practical considerations, such as the availability of other similar evidence or how helpful the examination would be to the fact-finder, are the trial court's primary factors in making this decision. For these reasons, we will examine the trial court's denial of appellant's request for an examination pursuant to Section 687(b) for abuse of discretion.

A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). A court of appeals may not reverse a trial court for abuse of discretion merely because it disagrees with a decision by the trial court, if that decision was within the trial court's discretionary authority. *In re EPIC Holdings, Inc.,* 985 S.W.2d 41, 56 (Tex.1998); *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991).

At the hearing on appellant's application for guardianship, the trial court heard testimony from Cathy Shannon, the court-appointed guardian ad-litem. Ms. Shannon referenced her report filed with the court and stated her opinions had not changed since that report and Karlen did

not need a guardian. In the report, Ms. Shannon expressed concerns with whether appellant had access to Karlen, but concluded that, regardless of her concern, "appointment of a guardian is not in Proposed Ward's best interest." The trial court also allowed Karlen to make a brief statement at the hearing expressing her opposition to a guardianship; in the event a guardian was necessary, she stated her preference that Rick be appointed.[2] The trial court also considered appellant's Motion for Independent Medical Examination itself and all "other pleadings and papers on file in this cause" in reaching its decision to deny the motion for examination. Included in that file was a report by a court-appointed investigator concluding that Karlen did not need a guardianship, and a letter by Dr. Carney opining that a guardianship was unnecessary because he found no evidence of incapacitation. Finally, there was evidence that Karlen had executed a durable power of attorney in favor of Rick, supporting the notion that Karlen did not want appellant to be her guardian. The only evidence supporting Karlen's incapacity was a one-sentence handwritten note dated almost one year prior to the guardianship application filing from Karlen's former doctor, Dr. Pizette, stating that Karlen suffered from severe ataxia and dementia and required personal care twenty-four hours a day, seven days a week. In sum, the trial court had a substantial amount of evidence before it, including evaluations from court-appointed officials, that Karlen was not incapacitated and did not need a guardian, while the only evidence supporting incapacitation was thin and stale. The trial court, therefore, may well have found that it was unnecessary to subject Karlen to the probing and prodding involved in further medi-

cal investigations in the face of substantial evidence that Karlen neither needed a guardian nor wanted appellant to be her guardian in the event one was necessary. Based on these facts, we find that the trial court did not act arbitrarily or unreasonably in finding that it was unnecessary to appoint a physician to examine Karlen under Section 687(b). We overrule appellant's sole issue.

We affirm the trial court's judgment.

---

2. The Probate Code generally requires that the court give "due consideration to the preference indicated by the incapacitated person" in appointing a guardian. Tex. Prob.Code Ann. § 689.