ACCEPTED
01-15-00586-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/16/2015 6:59:50 PM
CHRISTOPHER PRINE
CLERK

## CAUSE NO. 01-15-00586-CV

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/16/2015 6:59:50 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS AT HOUSTON, TEXAS

_____

## DON PETERSON, MACKEY PETERSON, TONYA PETERSON, AND LONNY PETERSON,
### *Appellants*

## V.

## CAROL ANNE MANLEY AND DAVID PETERSON,
### *Appellees*

_____

## APPELLEES CAROL ANNE MANLEY AND DAVID PETERSON'S RESPONSE BRIEF

_____

**Sarah Patel Pacheco**
**State Bar No. 00788164**
**pacheco-efile@craincaton.com**
**Kathleen Tanner Beduze**
**State Bar No. 24052205**
**beduze-efile@craincaton.com**
**C. Henry Kollenberg**
**State Bar No. 11667800**
**kollenberg@craincaton.com**
**Crain, Caton & James, P.C.**
**1401 McKinney St., Suite 1700**
**Houston, Texas 77010**
**(713) 658-2323 (Telephone)**
**(713) 658-1921 (Facsimile)**

### ATTORNEYS FOR APPELLEES

**Oral Argument Requested, if determined necessary by the Court.**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

ISSUES PRESENTED......................................................................................... vi

    Issue 1

    The Probate Court approved a settlement agreement as in the
    best interests of a proposed ward in a guardianship proceeding.
    Does the subsequent death of the proposed ward render the
    settlement contract void and unenforceable and/or deprive the
    Probate Court of jurisdiction to enter a final judgment on the
    settlement agreement?

    Issue 2

    The Probate Court sanctioned Appellants' attorney, Candice
    Schwager, for egregious acts in connection with the
    guardianship proceeding. Did the Probate Court abuse its
    discretion in granting the sanctions against Ms. Schwager and
    does such abuse constitute reversible error?

NOTE CONCERNING RECORD REFERENCES ................................................ vii

NOTE CONCERNING PARTY REFERENCES .................................................. viii

NOTE CONCERNING JOINDER IN AD LITEMS' BRIEF................................. ix

STATEMENT REGARDING ORAL ARGUMENT............................................... ix

OVERVIEW ......................................................................................................1

STATEMENT OF FACTS ....................................................................................2

SUMMARY OF ARGUMENT ...............................................................................6

i

ARGUMENT & AUTHORITY.................................................................................7

1.     Standard of Review................................................................................7

2.     The death of a proposed ward does not render a settlement agreement void and unenforceable............................................................................8

    A.    The Settlement Agreement is a binding, non-revocable contract. ........8

    B.    The Probate Court Approved and Ratified the Settlement Agreement. ...........................................................................................10

    C.    "Mootness" is not a defense to the Settlement Agreement. .................12

3.     The death of a proposed ward does not deprive the Probate Court of jurisdiction to enter a final judgment on the Settlement Agreement.............14

4.     There is no basis to reverse the Probate Court's sanctions order against Appellants' attorney, Candice Schwager.......................................................17

    A.    Ms. Schwager's conduct was properly sanctioned. ............................18

    B.    Appellants lack standing to challenge Ms. Schwager's sanctions order. ...........................................................................................21

    C.    Appellants' failed to preserve appellate error. ...................................24

CONCLUSION .............................................................................................25

CERTIFICATE OF COMPLIANCE ...................................................................27

CERTIFICATE OF SERVICE ..........................................................................27

# TABLE OF AUTHORITIES

**Cases**

*Allright, Inc. v. Pearson*, 735 S.W.2d 240 (Tex. 1987)...........................................25

*Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379 (Tex. App.—Austin 2010, pet. denied)..........................................................................................................22

*Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223 (Tex. 1991) ....................................8

*Benavides v. Knapp Chevrolet, Inc.,* No. 01-08-00212-CV, 2009 WL 349813 (Tex. App.—Houston [1st Dist.] Feb. 12, 2009, no pet.) .....................................22

*Chessher v. Sw. Bell Tel. Co.*, 671 S.W.2d 901 (Tex. App.—Houston [14th Dist.] 1983), *rev'd on other grounds*, 658 S.W.2d 563 (Tex. 1983)....................24

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005)..................................................8

*DeBell v. Tex. Gen. Realty, Inc.*, 609 S.W.2d 892 (Tex. Civ. App.—Houston [14th Dist.] 1980, no writ).................................................................................24

*Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238 (Tex. 1985).......................8

*Escontrias v. Apodaca*, 629 S.W.2d 697 (Tex. 1982) ..............................................24

*Estate of Pollack v. McMurrey*, 858 S.W.2d 388 (Tex. 1993) ................................25

*In re EPIC Holdings, Inc.,* 985 S.W.2d 41 (Tex.1998)................................................8

*In re Guardianship of Bayne*, 171 S.W.3d 232 (Tex. App.—Dallas 2005, pet. denied)..........................................................................................................15

*Karlen v. Karlen*, 209 S.W.3d 841 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ...............................................................................................................7

*Low v. Henry*, 221 S.W.3d 609 (Tex. 2007) ...............................................................7

*Matbon, Inc. v. Gries*, 287 S.W.3d 739 (Tex. App.—Eastland 2009, no pet.) .... 22, 23

*Mauldin v. Clement*, 428 S.W.3d 247 (Tex. App—Houston [1st Dist.] 2014, no pet.) ...............................................................................................................11

*Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355 (Tex. 2014) ......................................7

*Niera v. Frost Nat'l Bank*, No. 04-09-00224-CV, 2010 WL 816191 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) ..................................................23

*Pat Baker v. Wilson*, 971 S.W.2d 447 (Tex. 1998)....................................................25

*Spiegel v. KLRU Endowment Fund*, 228 S.W.3d 237 (Tex. App.—Austin 2007, pet. denied) ......................................................................................16

*Stiver v. Tex. Instruments, Inc.*, 615 S.W.2d 839 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.) ................................................................24

*Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.)........................................................................12

*Tommy Delesandri, as next friend for Gregory Delesandri v. Rojay, LLC, d/b/a Ponderosa Apartments*, No. 11-10-00236-CV, 2012 WL 4465361 (Tex. App.—Eastland 2012) ........................................................................23

*Torrington Co. & Intersoll-Rand Corp. v. Stutzman*, 46 S.W.3d 829 (Tex. 2000) ........................................................................................................22

*Wal-Mart Stores, Inc. v. Kelley*, 103 S.W.3d 642 (Tex. App.—Fort Worth 2003, no pet.)..............................................................................................25

*Williams v. Lara*, 52 S.W.3d 171 (Tex. 2001) ................................................. 13, 14

**Statutes**

TEX. CIV. PRAC. & REM. CODE, Chapter 10 ...................................................... 5, 17

TEXAS ESTATES CODE, Section 1002.015 ................................................................15

TEXAS ESTATES CODE, Section 1021.001 ................................................................15

TEXAS ESTATES CODE, Section 1022.001 ........................................................ 3, 14

TEXAS ESTATES CODE, Section 1022.005 .................................................................3

TEXAS ESTATES CODE, Section 1022.007 .................................................................3

TEXAS ESTATES CODE, Section 1055.151 .................................................... 8, 9, 10, 16

TEXAS ESTATES CODE, Section 1151.201 ....................................................15

TEXAS ESTATES CODE, Section 1157.103(a)(2) ..........................................15

TEXAS ESTATES CODE, Section 1158.101(1)(5)..........................................15

TEXAS ESTATES CODE, Section 1158.251(1) ..............................................15

TEXAS FAMILY CODE, Section 6.602 ..........................................................16

## Rules

Tex. R. App. P. 33.1..........................................................................................12

TEX. R. APP. P. 34.5(a)(5)................................................................................24

TEX. R. APP. P. 38.1(f)......................................................................................12

TEX. R. OF CIV. P., Rule 215 ....................................................................... 5, 23

TEX. RULES OF PROF'L CONDUCT, Rule 3.07 ............................... 5, 17, 19, 20, 21, 23

# ISSUES PRESENTED

## Issue 1

The Probate Court approved a settlement agreement as in the best interests of a proposed ward in a guardianship proceeding. Does the subsequent death of the proposed ward render the settlement contract void and unenforceable and/or deprive the Probate Court of jurisdiction to enter a final judgment on the settlement agreement?

## Issue 2

The Probate Court sanctioned Appellants' attorney, Candice Schwager, for egregious acts in connection with the guardianship proceeding. Did the Probate Court abuse its discretion in granting the sanctions against Ms. Schwager and does such abuse constitute reversible error?

# NOTE CONCERNING RECORD REFERENCES

The Clerk's Record in this case was filed in four volumes on July 16, 2015. The Clerk's Record will be referred to by "C (volume #), (page number)", such as "C Vol. 2, p. 50", referring to page 50 of the second volume of the Clerk's Record.

The Reporter's Record in this case was filed in thirteen volumes on September 15, 2015. The Reporter's Record will be referred to as "R (volume #), (page number)" or "R (volume #), (exhibit number)", such as "R Vol. 5, p. 10", referring to page 10 of the fifth volume of the Reporter's Record.

The Supplemental Reporter's Record in this case was filed on September 29, 2015. The Supplemental Reporters Record will be referred to as "SR (volume #) (page number)" or "SR (volume #) (exhibit number)", such as "SR Vol. 1, p. 34", referring to page 34 of the first volume of the Supplemental Reporter's Record.

## NOTE CONCERNING PARTY REFERENCES

Appellant Don Peterson is referred to as "Don" in this Response.

Appellant Mackey Peterson is referred to as "Mackey" in this Response.

Appellant Tonya Peterson[1] is referred to as "Tonya" in this Response.

Appellant Lonny Peterson is referred to as "Lonny" in this Response.

Appellee Carol Anne Manley is referred to as "Carol" in this Response.

Appellee David Peterson is referred to as "David" in this Response.

Ruby Peterson, Deceased is referred to as "Mrs. Peterson" in this Response.

Jill Young, Guardian Ad Litem for the person and estate of Mrs. Peterson, is referred to as "Guardian Ad Litem" in this Response.

W. Russ Jones, as Attorney Ad Litem for the person and estate of Mrs. Peterson, is referred to as "Attorney Ad Litem" in this Response.

Guardian Ad Litem and Attorney Ad Litem are collectively referred to as the "Ad Litems" in this Response.

Probate Court No. 1 of Harris County, Texas is referred to as the "Probate Court" in this Response.

---

[1] Appellees object to Tonya's involvement in the instant appellate proceeding, as Tonya was not a party to the underlying Guardianship Proceeding and, thus, has no standing to appeal.

## NOTE CONCERNING JOINDER IN AD LITEMS' BRIEF

Pursuant to Rule 9.7 of the Texas Rules of Appellate Procedure, Appellees join in and adopt the contentions, arguments and authorities cited by Co-Appellees W. Russ Jones, as Attorney Ad Litem for Ruby Peterson, and Jill W. Young, as Guardian ad Litem for Ruby Peterson.

## STATEMENT REGARDING ORAL ARGUMENT

Appellees Carol Ann Manley and David Peterson believe that oral argument is unnecessary in this matter, but request the opportunity to present oral argument in this proceeding if the Court determines it is appropriate.

---

## IN THE COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS
## AT HOUSTON, TEXAS

---

## DON PETERSON, MACKEY PETERSON, TONYA PETERSON, AND LONNY PETERSON,
*Appellants*

## V.

## CAROL ANNE MANLEY AND DAVID PETERSON,
*Appellees*

---

## APPELLEES CAROL ANNE MANLEY AND DAVID PETERSON'S RESPONSE BRIEF

---

## <u>OVERVIEW</u>

This is a case regarding a Probate Court's decision to approve a mediated settlement agreement and, thereafter, enter a final judgment in a guardianship proceeding.

Appellants appeal the following orders from the underlying trial court proceeding:

a.　　Final Judgment Approving Mediated Settlement Agreement;

b.　　Order denying Motion to Dismiss Guardianship Proceeding;

c.　　Order granting Sanctions against Candice Schwager under Texas Rule

1

of Civil Procedure 10 for $5,000.00, signed November 10, 2014, reconsideration denied January 9, 2015; and

d.   Order granting Sanctions against Candice Schwager under Rule 3.7 of the Texas Disciplinary Rules of Professional Conduct for $10,000, dated November 10, 2014, reconsideration denied January 9, 2015.

The Probate Court properly entered the above-referenced orders in the trial court proceeding, Cause No. 427,208, *In re: Guardianship of Ruby Peterson, an Incapacitated Person*, in Probate Court No. One of Harris County, Texas (the "Guardianship Proceeding").

This appeal is yet another attempt by Appellants to manipulate and intimidate their siblings, with no legal or factual support for their allegations. The appeal should be denied.

## STATEMENT OF FACTS

Don, Mackey, Lonny, Carol and David are the adult children of Mrs. Peterson.[2]

On December 12, 2013, Mackey and Don filed their Original Petition for Appointment of a Temporary and Permanent Guardian(s) of the Person and Estate of Ruby S. Peterson, for Declaratory Judgment, Alternative Relief, Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (the "Petition") in the Guardianship Proceeding.

2

On July 18, 2014, Carol and David filed an Answer to the Petition, Cross Claim and Motion for Sanctions to the Petition, contending that there was a lesser restrictive alternative to guardianship by virtue of a Durable Power of Attorney, executed by Mrs. Peterson on June 23, 1993 (at a time when Mrs. Peterson's mental capacity was not at issue). Alternatively, Carol and David pled that, in the event a guardianship was determined to be necessary, Carol and David should be appointed as guardians of the person and estate of Mrs. Peterson based on her written statement of preference as to a guardian, executed on June 23, 1993.

On July 25, 2014, Mackey and Don nonsuited their guardianship application.

On July 18, 2014, Mackey, Don and Lonny filed certain tort claims against Appellees and Silverado Senior Living Center in Harris County District Court (the "District Court Claims"). The District Court Claims were thereafter transferred to Probate Court No. 1 of Harris County, Texas. [3]

On October 29, 2014, all parties, their respective counsel, and the Ad Litems voluntarily attended mediation before the Honorable Jim Scanlan. The mediation

---

[2]    Appellant Tonya Peterson is Mackey's wife.

[3]    On July 21, 2014, Respondents filed a Motion to Transfer Lawsuit Pursuant to Estates Sections 1022.005 and 1022.007 of the Texas Estates Code. Thereafter, Probate Court No. 1 of Harris County, Texas exercised its pendent and ancillary jurisdiction over Plaintiffs' tort claims pursuant to Section 1022.001(b) in order to promote judicial efficiency and economy and transferred the case originally filed in District Court to the instant proceeding, under Cause No. 427,208-401.

was intended to cover various subject matters, including (1) matters related to the Guardianship Proceeding; (2) the settlement of various claims against the guardianship estate of Mrs. Peterson, including the attorneys' and Ad Litems' claims for the payment of compensation, expenses and court costs; (3) the agreement to dismiss claims for sanctions and security for costs, which the guardianship estate had pending against Mackey, Don, Lonny and their attorney, Phil Ross; and (4) the action for trial of the right of Mrs. Peterson's property, involving certain breach of trust and breach of fiduciary duty claims against Carol and David, as Co-Trustees of the Peterson Family Trust No. 2.

At the conclusion of mediation, the parties reached a settlement agreement (the "Settlement Agreement"), subject to approval by this Court. C Vol. 4, pp. 3867-3870.

On November 6, 2014, Carol and David's counsel circulated a proposed final judgment and a proposed release agreement to Phil Ross, counsel for Mackey, Don and Lonny. Mr. Ross refused to sign these draft documents, requesting, instead, for Carol and David to sign a release agreement containing provisions contrary to those in the Settlement Agreement.

On November 7, 2014, this Court authorized, ratified and approved the Settlement Agreement as being in the best interest of Mrs. Peterson, the proposed ward, and her estate and its execution by the Ad Litems. R Vol. 11, pp. 32-33.

4

All counsel were in attendance at the hearing on Ad Litems' Motion for Entry and did not object – at that time – to the Ad Litems' execution of the Settlement Agreement on behalf of Mrs. Peterson.

On November 10, 2014, at the request of Carol and David, the Probate Court awarded sanctions against Candice Schwager ("Ms. Schwager"), counsel for Mackey, Don and Lonny, in the amount of $10,000 for violation of Rule 3.07 of the Texas Rules of Professional Conduct, pursuant to Texas Rule of Civil Procedure 215.

On November 10, 2014, at the request of the Ad Litems, the Probate Court likewise awarded sanctions against Ms. Schwager (among others) in the amount of $5,000 for violation of Chapter 10 of the Texas Civil Practice and Remedies Code.

On January 11, 2015, Mrs. Peterson died.

On January 16, 2015, Mackey, Don and Lonny filed a Motion to Dismiss, seeking for this Court to dismiss the instant lawsuit for "lack of jurisdiction due to Mrs. Peterson's death." C Vol, 4, pp. 3814-3816.

The Motion to Dismiss was denied on May 12, 2015. C Vol. 4, p. 3952.

On March 25, 2015, Carol and David filed their Fourth Supplement to Answer and Counterclaim in the Probate Court, asserting a breach of contract claim against Mackey, Don and Lonny for breach of the Settlement Agreement. C Vol. 4, pp. 3863-3870.

On May 12, 2015, the Probate Court entered a final judgment on the mediated Settlement Agreement. C Vol. 4, pp. 3948-3951.

On June 8, 2015, Appellants filed their Notice of Appeal. C Vol. 4, pp. 3955-3960.

On June 16, 2015, Appellants filed their Amended Notice of Appeal. C Vol. 4, pp. C Vol. 4, pp. 3961-3964.

## SUMMARY OF ARGUMENT

The Parties – Mackey, Don, Lonny, Carol, David, and Ad Litems – entered into a mediated settlement agreement to resolve various matters relating to a guardianship proceeding. The Ad Litems sought approval and ratification from the Probate Court that the terms of the agreement were in the best interests of proposed ward, Mrs. Peterson. The Probate Court approved and ratified the settlement agreement. Subsequent to the Probate Court's approval of the Ad Litems entering into the contract with Mackey, Don, Lonny, Carol and David in settlement of the guardianship proceeding, Mrs. Peterson died.

Mrs. Peterson's death does not render the settlement agreement – a binding contract among the Parties – void or unenforceable.

And, Mrs. Peterson's death does not deprive the Probate Court of jurisdiction to enter a final judgment on the mediated settlement agreement relating to the

guardianship proceeding, as the Texas Estates Code expressly states that a guardianship proceeding does not end upon the death of a proposed ward.

Further, the Probate Court properly sanctioned Ms. Schwager for her egregious acts and conduct in the guardianship proceeding. In any event, Appellees lack standing to challenge the sanctions orders on appeal, and failed to preserve appellate error on the sanctions orders entered against Ms. Schwager.

## ARGUMENT & AUTHORITY

### 1. Standard of Review.

The decision of a trial judge to dismiss a guardianship proceeding and impose sanctions should be reviewed on an abuse of discretion standard. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014) (imposition of sanctions reviewed under abuse of discretion standard); *Karlen v. Karlen*, 209 S.W.3d 841, 843 (Tex. App.—Houston [14th Dist.] 2006, no pet.)..

A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985). An appellate court may not reverse a trial court for abuse of discretion merely because it disagrees with a decision by the trial court, if that decision was within the trial court's discretionary authority. *In re EPIC Holdings, Inc.,*

985 S.W.2d 41, 56 (Tex.1998); *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex. 1991).

In reviewing the legal sufficiency of the evidence to support a trial court's finding of fact, the Court of Appeals views the evidence in the light most favorable to the trial court's finding. *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005).

## 2. The death of a proposed ward does not render a settlement agreement void and unenforceable.

### A. *The Settlement Agreement is a binding, non-revocable contract.*

The Parties – Mackey, Don, Lonny, Carol, David, and Ad Litems – and their respective counsel were parties to the Settlement Agreement. C Vol. 4, p. 3867-3870. As such, all parties expressly agreed, in writing, that the mediated Settlement Agreement was binding and non-revocable, pursuant to Section 1055.151 of the Texas Estates Code. C Vol. 4, p. 3869.

Contrary to Appellants' argument, the binding and non-revocable effect of settlement agreements made pursuant to Section 1055.151 is not limited to the settlement of existing guardianships. Rather, it is expressly applicable to "guardianship proceedings" which includes many matters related to a guardianship proceeding, including, without limitation, those matters made the subject of the mediation in the Guardianship Proceeding. TEX. ESTATES CODE §1055.151. This is

8

evident by the name of the statute – "Mediation of Contested Guardianship Proceedings" – and its plain wording, which allows the Court to "decline to enter judgment on the mediated settlement agreement if the court finds that the agreement is not in the ward's or proposed ward's best interest." TEX. ESTATES CODE §1055.151(d) (emphasis added).

Section 1055.151 of the Texas Estates Code requires that a non-revocation statement (1) provide, in a prominently displayed statement that is in boldfaced typed, or underlined, that the agreement is not subject to revocation by the parties; (2) be signed by each party to the agreement; and (3) be signed by the party's attorney, if any, who is present at the time the agreement is signed. TEX. ESTATES CODE §1055.151 (b).

In compliance with Section 1055.151 of the Texas Estates Code, the Settlement Agreement states:

**THE PARTIES AGREE THAT THIS AGREEMENT SHALL BE A BINDING NONREVOCABLE AGREEMENT UNDER THE TEXAS ESTATES CODE SECTION 1055.151 AND IS NOT SUBJECT TO REVOCATION BY THE PARTIES.**

C Vol. 4, p. 3869. This statement is predominantly displayed in size 20 font, boldfaced-type, and capital letters. TEX. ESTATES CODE §1055.151 (b)(1). All Parties and their respective counsel signed the Settlement Agreement, acknowledging that the

Settlement Agreement was a binding, non-revocable agreement, subject to approval by the Probate Court. C Vol. 4, pp. 3869-3870. The Settlement Agreement complies with the statutory requirements and is a binding contract between the Parties.

### B. The Probate Court Approved and Ratified the Settlement Agreement.

Appellants allege that the Probate Court did not approve the Settlement Agreement prior to Mrs. Peterson's death on January 11, 2015. This claim is not supported by the appellate record.

On November 7, 2014, in compliance with paragraph 15 of the Settlement agreement requiring court-approval, the Ad Litems presented the Settlement Agreement to the Probate Court for approval as being in the best interests of Mrs. Peterson and requested authority to execute the Settlement Agreement on behalf of Mrs. Peterson and to ratify the executed Settlement Agreement. C Vol. 4, p. 3868; R Vol. 11, p. 7. Carol and David joined in Ad Litems' Motion for Entry of Judgment on the Settlement Agreement, which was presented to the Probate Court. C Vol. 4, pp. 3913-3914. Section 1055.151 (d) permits a court to decline to enter a judgment on a mediated settlement agreement should the court find that a settlement is not in the best interests of a proposed ward. TEX. ESTATES CODE 1055.151 (d).

After an oral hearing on November 7, 2014, the Probate Court approved the Settlement Agreement finding that the Settlement Agreement was in the best interests

of Mrs. Peterson, as supported by the hearing testimony, and authorized the Ad Litems to execute the Settlement Agreement on behalf of Mrs. Peterson. C Vol. 4, p. 3541; R Vol. 11, pp. 7, 28, 33.

Mrs. Peterson died on January 11, 2015. Mrs. Peterson's death occurred sixty-five days after the Ad Litems executed the Settlement Agreement in accordance with the Probate Court's Order Granting Authority for Guardian Ad Litem and Attorney Ad Litem to Execute Peterson Rule 11 Agreement. C Vol. 4, p. 3541.

On May 12, 2015, the Probate Court entered a final judgment on the mediated Settlement Agreement. C Vol. 4, pp. 3948-3951. In so doing, the Probate Court clearly found that the Settlement Agreement was in the best interests of Mrs. Peterson. R. Vol. 11, pp. 7, 28, 33; *Mauldin v. Clement*, 428 S.W.3d 247, 264 (Tex. App—Houston [1st Dist.] 2014, no pet.) (express finding of settlement being in ward's best interest not required).

Mackey, Don and Lonny did not object to the approval and ratification of the Settlement Agreement; the only objection made was to the use of the phrase "incapacitated person" instead of "proposed ward". As such, Mackey, Don and Lonny failed to preserve this issue for appeal and it is not ripe for appeal.[4] Thus, any error, in the event it exists, is harmless and not reversible.

---

[4] Tex. R. App. P. 33.1 provides that a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion that: (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient

Accordingly, because the Settlement Agreement is an enforceable, non-revocable contract and Appellants' failed to preserve any objection for appeal, the Probate Court's judgment on the Settlement Agreement should be upheld.

## C. "Mootness" is not a defense to the Settlement Agreement.

Appellants allege, with no supporting authority, that the death of Mrs. Peterson renders the binding, non-revocable Settlement Agreement "moot".

Appellants have failed to cite to any authority to support their allegation that Mrs. Peterson's death rendered the Settlement Agreement "moot". By failing to properly brief their argument, Appellants have waived their "mootness" argument. TEX. R. APP. P. 38.1(f); *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 810 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) (failure to cite any authority constitutes waiver of the alleged error).

The lack of authority cited by Appellants is likely because "mootness" is not recognized as a defense to a binding, non-revocable contract. The Texas Supreme Court, in *Williams v. Lara*, held that:

> For a plaintiff to have standing, a controversy must exist between the parties at every stage of the legal proceedings, including the appeal. **If a controversy ceases to exist — 'the issues presented are no longer**

---

specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and (B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and (2) the trial court: (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal. See Tex. R. App. P. 33.1

**`live' or the parties lack a legally cognizable interest in the outcome'**
**- the case becomes moot.**

*Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (internal citations omitted) (emphasis added).

Subsequent to Mrs. Peterson's death on January 11, 2015, the controversies between the parties have continued and the issues remain "live." The issues and controversies that remain pending – or "live" – in the Probate Court are as follows: (1) approval of Carol and David's trust accounting in the Probate Case, (2) outstanding issue of who shall continue to serve as trustee of the Trust, (3) Mackey, Don and Lonny's agreement to dismiss pending claims against Carol and David relating to breaches of fiduciary duty, among other claims, (4) removal of social media postings relating to Carol and David, pursuant to an agreement of the Parties, (5) approval and payment of attorneys' fees and expenses incurred in the Guardianship Proceeding, and (6) enforcement of the Settlement Agreement. C Vol. 1, pp. 260-296, 549-557, 949-980; C Vol. 4, pp. 3312-3316, 3863-3870, 3948-3951.

It is clear that controversies and issues remain pending in the Guardianship Proceeding; therefore, Mrs. Peterson's death does not render the Settlement Agreement moot or unenforceable. *Williams*, 52 S.W.3d at 184 (controversy must exist between parties at every stage of the legal proceedings, including the appeal).

For these reasons, the Settlement Agreement remains a valid, binding, and non-

revocable contract.

**3.  The death of a proposed ward does not deprive the Probate Court of jurisdiction to enter a final judgment on the Settlement Agreement.**

Appellants do not identify upon what grounds they allege the Probate Court lacked jurisdiction to approve the Settlement Agreement.

Nonetheless, Section 1022.001 of the Texas Estates Code **specifically grants** this Court jurisdiction to hear this case.  Section 1022.001 provides, in part, as follows:

> **General Probate Jurisdiction in Guardianship Proceedings; Appeals**
> (a) All **guardianship proceedings** must be filed and heard in a court exercising original probate jurisdiction.  The court exercising original probate jurisdiction **also has jurisdiction of all matters related to the guardianship proceeding** as specified in Section 1021.001 for that type of court.
> (b) A probate court may exercise pendent and ancillary jurisdiction as necessary **to promote judicial efficiency and economy**.

TEX. ESTATES CODE § 1022.001 (emphasis added).

The Texas Estates Code defines the term "guardianship proceeding" as:

> . . . a matter or proceeding related to a guardianship or any other matter covered by this title, including . . . (2) an application, petition or **motion regarding guardianship or an alternative to guardianship** under this title.

TEX. ESTATES CODE § 1002.015 (emphasis added).

14

The Texas Estates Code further delineates "matters related to a guardianship proceeding" in Section 1021.001 and includes matters in controversy in this case, including the following:

- the settling of an account of a guardian and all other matters relating to the settlement, partition or distribution of a ward's estate;
- a claim brought by or against a guardianship estate;
- an action for trial of the right of property that is guardianship estate property;
- a claim for the payment of compensation, expenses, and court costs, and any other matter authorized under Chapter 1155 and Subpart H, Part 2, Subtitle Z; and
- a suit, action, or application filed against or on behalf of a guardianship.

TEX. ESTATES CODE §§ 1021.001(a)(2), (a)(3), (a)(5), (a)(6)(D), and (b)(2).

The Estates Code makes clear that a guardianship may be kept open after the death of the ward. *See* TEX. ESTATES CODE §§ 1151.201(a)(7), 1157.103(a)(2), 1158.101(1)(5), 1158.251(1). The Estates Code permits a court overseeing a guardianship to enter orders following the proposed ward or ward's death. *In re Guardianship of Bayne*, 171 S.W.3d 232, 239 (Tex. App.—Dallas 2005, pet. denied) (ward's estate did not cease to exist after death).

Similarly, in the family court context, a court retains jurisdiction over claims arising from a mediated divorce settlement agreement after the death of one of the spouses, but prior to the court entering a final decree of divorce. *Spiegel v. KLRU Endowment Fund*, 228 S.W.3d 237 (Tex. App.—Austin 2007, pet. denied). In

*Spiegel*, a husband and wife signed a mediated divorce settlement agreement pursuant to Section 6.602 of the Family Code, which the court held was immediately binding on the parties, although the divorce decree was not issued prior to wife's death. *Id.* at 241-242.

Section 6.602 of the Texas Family Code provides, in relevant part, as follows:

> (b) A mediated settlement agreement is **binding on the parties** if the agreement:
>     (1) provides, **in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation**;
>     (2) is **signed by each party to the agreement**; and
>     (3) is **signed by the party's attorney**, if any, who is present at the time the agreement is signed.
> (c) If a mediated settlement agreement meets the requirements of this section, a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.

TEX. FAM. CODE ANN. § 6.602 (b), (c) (emphasis added).

Notably, Sections 6.602 (b) and (c) of the Texas Family Code, relating to a mediated divorce settlement agreement, are **identical** to Sections 1055.151 (b) and (c) of the Texas Estates Code, relating to a mediated guardianship settlement agreement.

Therefore, just as a family court retains its jurisdiction to enter a final judgment on a mediated divorce settlement agreement, a probate court likewise retains its jurisdiction to enter a final judgment on a mediated guardianship settlement agreement.

16

Accordingly, the Probate Court did not lose its jurisdiction after Mrs. Peterson's death and the final judgment on the Settlement Agreement should be upheld.

**4. There is no basis to reverse the Probate Court's sanctions order against Appellants' attorney, Candice Schwager.**

Appellants complain about two monetary sanctions orders entered against their attorney, Ms. Schwager, in the Guardianship Proceeding: (1) Appellees' Sanctions Order for violation of Rule 3.07 of the Texas Rules of Professional Conduct, and (2) Ad Litems' Sanctions Order for violation of Chapter 10 of the Texas Civil Practice and Remedies Code[5] (collectively, the "Sanctions Orders"). C Vol. 4, pp. 3538-3540; R Vol. 11, pp. 35-36.

There is no justifiable basis for this Court to reverse the Probate Court's Sanctions Orders. The Probate Court did not abuse its discretion in granting the Sanctions Orders.

While there is no basis to overturn the Probate Court's Sanctions Orders, in any event, Appellants' argument fails because Appellants lack standing to challenge the Sanctions Orders and Appellants failed to preserve error for appeal, as discussed below.

---

[5] Though Appellees do not address the Ad Litems' Sanctions Order against Ms. Schwager, by this reference, Appellees specifically incorporate the argument and authority contained within Sections B and C of Appellee Ad Litems' Brief whereby Ad Litems

17

## A. *Ms. Schwager's conduct was properly sanctioned.*

The sanctions awarded against Ms. Schwager were warranted.

Throughout the Guardianship Proceeding, Ms. Schwager engaged in numerous personal attacks on Carol, David, their counsel, witnesses, including physicians, and the Court system under the guise of an alleged concern for the constitutional rights of the elderly, no matter the relevance. Don, Mackey, Lonny and/or their counsel publicized and/or exploit personal and sensitive information of Carol, David and/or their counsel (among other parties to the

---

fully address the $5,000 sanctions order against Ms. Schwager for violation of Chapter 10 of the Texas Civil Practice and Remedies Code.

18

Guardianship Proceeding) in the form of videos, blog postings, Facebook postings, Twitter feeds, and at least fifteen other social media sites[6].

Rule 3.07 of the Texas Disciplinary Rules of Professional Conduct provides:

> In the course of representing a client, a lawyer **shall not** make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer **knows or reasonably should know** that it will have a substantial likelihood of materially prejudicing an adjudicatory proceeding. A lawyer shall not counsel or assist another person to make such a statement.

TEX. DISC. RULES OF PROF'L CONDUCT, TEX. GOV'T CODE tit. 2, subtit. G—App. A, art. 10, § 9, Rule 3.07(a) (emphasis added).

Rule 3.07 further provides that a lawyer will violate this mandate when the statement refers to:

> (1) the character, credibility, reputation or criminal record of a party, suspect in a criminal investigation or witness; or the expected testimony of a party or witness;
>
> . . .
>
> (3) the performance, refusal to perform, or results of any examination or test; the refusal or failure of a person to allow or submit to an examination or test; or the identity or nature of physical evidence expected to be presented;
>
> . . .

---

[6] While not an exhaustive list, Appellees are aware of postings made by or at the direction of Ms. Schwager on the following websites: Atty4kids blog, Atty4kids.org, Elderlawadvocates.org, Candice Schwager Facebook page (public), Free Ruby from Silverado Facebook Group (public), @elderattycandy (twitter for her law firm), Google+ (public) (under at least two Youtube accounts that she owns – one of them uses an alias), Youtube (under at least two Youtube accounts that she owns – one of them uses an alias), Topix.com (using an alias), Examiner.com, Vimeo (under at least two Vimeo accounts that she owns – one of the uses an alias), Silveradosucks.com, Letrubygo.com, blogtalkradio, and Tumblr.com .

19

(5) information the lawyer knows or reasonably should know is likely to be inadmissible as evidence in a trial and would if disclosed creates a substantial risk of prejudicing an impartial trial.

*See id.,* Rule 3.07(b).

Ms. Schwager made false allegations against Carol, David, the Ad Litems and other parties to the Guardianship Proceeding. The evidence supporting such falsities was properly presented to the Probate Court and the Probate Court properly sanctioned Ms. Schwager for her actions in violation of Rule 3.07 of the Texas Rules of Professional Responsibility, which prohibits making extrajudicial statements that include, but are not limited to:

1.      Statements, albeit false and defamatory, regarding the "character, credibility, reputation" of both David and Carol. C Vol. 1, pp. 833-851, 877-904.

2.      Statements, albeit false and defamatory, regarding Mrs. Peterson's treating physician, Dr. Merkl's "character, credibility, reputation" including calling him a "clown," "Dr. Frankenstein," and a "piece of work," and stating that Dr. Merkl "lied." C Vol. 1, pp. 822-823.

3.      Statements, albeit false and defamatory, regarding Carol and David's legal counsel, Ms. Sarah Patel Pacheco, alleging that Ms. Pacheco had paid "any number of men with letters Behind [sic] their name to vomit whatever opinion is Sought [sic]," that she was a "morally despicable" "bottom feeder" with "one foot in hell and the other on a banana peel." C Vol. 1, pp. 852-869.

20

These are all "extrajudicial" statements "disseminated by means of public communication" that Ms. Schwager "knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicatory proceeding." See TEX. DISC. RULES OF PROF'L CONDUCT, TEX. GOV'T CODE tit. 2, subtit. G—App. A, art. 10, § 9, Rule 3.07(a). And, they likewise are statements that Ms. Schwager "knows or reasonably should know is likely to be inadmissible as evidence in a trial and would if disclosed create a substantial risk of prejudicing an impartial trial." See TEX. DISC. RULES OF PROF'L CONDUCT, TEX. GOV'T CODE tit. 2, subtit. G—App. A, art. 10, § 9, Rule 3.07(b).

Appellees' sanctions order entered against Ms. Schwager must be upheld as the record reflects that Probate Court properly sanctioned Ms. Schwager for her actions in the Guardianship Proceeding in violation of Rule 3.07 of the Texas Rules of Professional Conduct.

**B.** ***Appellants lack standing to challenge Ms. Schwager's sanctions order.***

In the event this Court considers Appellants' request to review the $10,000 sanctions order entered against Ms. Schwager, Appellants lack standing to complain on appeal of this order since the sanctions were imposed solely against Ms. Schwager. R Vol. 11, pp. 35-36.

21

Ms. Schwager is not a party to the instant appellate proceeding nor has she perfected an appeal on her own behalf.

It is well settled under Texas law that a party lacks standing to complain of a sanctions order directed solely against their attorney. *See, e.g.*, *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 388 (Tex. App.—Austin 2010, pet. denied) (party lacked standing to appeal sanctions assessed solely against counsel); *Matbon, Inc. v. Gries*, 287 S.W.3d 739, 740 (Tex. App.—Eastland 2009, no pet.); *Benavides v. Knapp Chevrolet, Inc.,* No. 01-08-00212-CV, 2009 WL 349813, at *3 (Tex. App.—Houston [1st Dist.] Feb. 12, 2009, no pet.)

Courts have held that non-parties have a right to appeal from a judgment if they clearly have an interest in the judgment and are bound by it. *See Torrington Co. & Intersoll-Rand Corp. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000); *In re Evans*, 130 S.W.3d 472, 478-79 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding). Ms. Schwager clearly has an interest in the sanctions order and is bound by it; thus, she has standing to appeal. However, "Texas courts have long held that an **appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others."** *Torrington Co.*, 46 S.W.3d at 843. (emphasis added). An appellant is not harmed when sanctions are imposed **<u>solely</u>** against the appellant's attorney, thus such an appellant lacks standing to challenge sanctions assessed solely against the attorney on appeal. *See Bahar* 330 S.W.3d at 388 (appellant lacked

22

standing to appeal sanction imposed only on attorney); *Niera v. Frost Nat'l Bank*, No. 04-09-00224-CV, 2010 WL 816191, at \*1-2 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied); *Matbon, Inc.* 287 S.W.3d at 740.

Further, the Court of Appeals has held that where an attorney is sanctioned by a lower court, but does not join in an appeal, the Court of Appeals has no basis to disturb the ruling below. *Tommy Delesandri, as next friend for Gregory Delesandri v. Rojay, LLC, d/b/a Ponderosa Apartments*, No. 11-10-00236-CV, 2012 WL 4465361, at \*1 (Tex. App.—Eastland 2012).

Consequently, because Ms. Schwager is not a party to the instant proceeding nor has she otherwise perfected an appeal of the sanctions orders, this Court has no basis to overrule the Probate Court's orders sanctioning Ms. Schwager in the amount of $10,000 for violation of Rule 3.07 of the Texas Rules of Professional Conduct, pursuant to Rule 215 of the Texas Rules of Civil Procedure.

Even though the Probate Court's order found that Mackey, Don and Lonny were jointly and severally liable for Ms. Schwager's sanctions, Ms. Schwager is not a party to this appeal and, as such, Appellants' have no standing to challenge the order. *See* Tab 4 to Appellant's Appendix.

As such, Appellants have no standing to challenge – on behalf of Ms. Schwager – the trial court's November 10, 2014 Order Granting Appellees' Motion for Sanctions.

**C.      *Appellants' failed to preserve appellate error.***

In their amended notice of appeal, Appellants complain of the Probate Court's order imposing sanctions in the amount of $10,000 against Ms. Schwager.

But, Appellants failed to include the $10,000 sanctions order complained of with their amended notice of appeal. As such, there is no order for this Court to review on appeal. TEX. R. APP. P. 34.5(a)(5). It is Appellants' burden to ensure the appellate court receives the entire record to prove harmful error entitling them to reversal. *See Escontrias v. Apodaca*, 629 S.W.2d 697, 699 (Tex. 1982). When the record is incomplete, this Court must assume that the portion omitted supports the correctness of the trial court's judgment. *Chessher v. Sw. Bell Tel. Co.*, 671 S.W.2d 901, 903 (Tex. App.—Houston [14th Dist.] 1983), *rev'd on other grounds*, 658 S.W.2d 563 (Tex. 1983); *Stiver v. Tex. Instruments, Inc.*, 615 S.W.2d 839, 842 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); *DeBell v. Tex. Gen. Realty, Inc.*, 609 S.W.2d 892, 893 (Tex. Civ. App.—Houston [14th Dist.] 1980, no writ).

In fact, the Texas Supreme Court has prohibited appellate courts from reversing a trial court's judgment based on unassigned error, e. g., a ground not presented in the appellate briefs. *Pat Baker v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998); *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 395 (Tex. 1993); *Allright, Inc. v. Pearson*, 735 S.W.2d 240 (Tex. 1987); *Wal-Mart Stores, Inc. v. Kelley*, 103 S.W.3d 642, 645 (Tex. App.—Fort Worth 2003, no pet.).

As such, Appellants have waived any error with respect to the trial court's November 10, 2014 Order on Appellees' Motion for Sanctions.

## CONCLUSION

Mrs. Peterson's death does not render the Settlement agreement void and unenforceable. And, subsequent to Mrs. Peterson's death, the Probate Court retained jurisdiction to approve the Settlement Agreement and enter a final judgment.

The Honorable Loyd Wright properly ordered sanctions against Ms. Schwager in the Guardianship Proceeding. Regardless, Appellants lack standing to challenge the sanctions order because Ms. Schwager is not a party to this appellate proceeding and Appellants did not preserve appellate error.

Because there is no basis to reverse the rulings of the Honorable Loyd Wright, each of the orders complained of by Appellants should be upheld.

Respectfully submitted,

**CRAIN, CATON & JAMES**
**A PROFESSIONAL CORPORATION**

By: /s/ *Sarah Patel Pacheco*
      Sarah Patel Pacheco
      State Bar No. 00788164
      pacheco-efile@craincaton.com
      Kathleen Tanner Beduze
      State Bar No. 24052205
      beduze-efile@craincaton.com
      C. Henry Kollenberg
      State Bar No. 1166780
      ckollenberg@craincaton.com
      1401 McKinney St, Suite 1700
      Houston, Texas  77010
      (713) 658-2323 (Telephone)
      (713) 658-1921 (Facsimile)

      *Attorneys for Appellees Carol Manley and David Peterson*

## CERTIFICATE OF COMPLIANCE

Pursuant to TRAP 9.4(i)(3), the undersigned certifies that this document contains 4,998 words, exclusive of those portions of the brief exempted by TRAP Rule 9.4(i)(1).

*/s/ Kathleen Tanner Beduze*
KATHLEEN TANNER BEDUZE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to:

Philip M. Ross
1006 Holbrook Road
San Antonio, TX  78218

Jill Young
Macintyre, McCulloch, Stanfield, Young, LLP
2900 Weslayan, Suite 150
Houston, Texas 77027

Josh Davis
Alan Sanders
Lewis Brisbois Bisgaard & Smith, LLP
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, Texas 77046

Russ Jones
Underwood, Jones, Scherrer & Malouf, PLLC
5177 Richmond Avenue, Suite 505
Houston, Texas 77056

via facsimile, electronic delivery and/or e-service on the 16th day of December, 2015.

*/s/ Kathleen Tanner Beduze*
KATHLEEN TANNER BEDUZE